UNITED STANDARD MANAGEMENT CORP., APPELLANT, *v.* MAHONING VALLEY SOLAR RESOURCES, INC., APPELLEE.

(No. 3344 — Decided June 18, 1984.)

*Mr. Thomas G. Carey, Jr.,* for appellant.

*Mr. Alexander J. Savakis,* for appellee.

FORD, J. Plaintiff-appellant, United Standard Management Corp., filed suit in Trumbull County to enforce a default judgment obtained against defendant-appellee, Mahoning Valley Solar Resources, Inc., in the state of Arizona. Appellee, at the trial level, asked the court to deny full faith and credit to the Arizona judgment on the grounds that the Arizona court lacked jurisdiction over the parties. Each side filed motions

for summary judgment. The court granted appellee's motion and denied full faith and credit to the Arizona judgment.

The pleadings show the agreement between the parties contained a "forum selection clause":

"Suit to enforce any provision of this agreement or to obtain any remedy with respect hereto may be brought in Superior Court, Maricopa County, Arizona, and for this purpose each party hereby expressly and irrevocably consents to the jurisdiction of said court."

Appellant appeals from the trial court's decision granting summary judgment in favor of appellee.

Appellant presents two assignments of error:

"1. The trial court erred in granting defendant's motion for summary judgment.

"2. The trial court erred in overruling plaintiff's motion for summary judgment and in failing to grant full faith and credit to the Arizona judgment."

Appellant's assignments of error deal with the motions for summary judgment granted appellee and denied appellant. Both assigned errors address two basic issues:

(1) Were there sufficient minimum contacts in the forum state, Arizona, to warrant the court's exercise of jurisdiction over a non-resident defendant?

(2) Does the forum selection clause in the agreement act as a waiver, by appellee, of any objection to the Arizona court's exercise of jurisdiction?

"It is well-settled that a judgment of a court having jurisdiction of the parties and of the subject matter operates as *res judicata* and is entitled to full faith and credit in a sister state * * *." *Fidelity Union Life Ins. Co.* v. *Canfield* (1982), 7 Ohio App. 3d 229, 230, citing *Morris* v. *Jones* (1947), 329 U.S. 545, 550-551. However, "[a] judgment rendered in violation of the Due Process Clause is void, subject to collateral attack, and not en-

titled to full faith and credit elsewhere. * * *" *Kleinfeld* v. *Link* (1983), 9 Ohio App. 3d 29, 30, citing *Pennoyer* v. *Neff* (1877), 95 U.S. 714. The constitutional standard for obtaining valid jurisdiction over a non-resident defendant is that such a defendant must have certain minimum contacts with the forum state such that the maintenance of the suit does not affect " 'traditional notions of fair play and substantial justice.' " *International Shoe Co.* v. *Washington* (1945), 326 U.S. 310, 316.

Numerous cases have enunciated the several factors to be weighed in determining what constitutes minimum contacts:

"(1) established activity by non-resident in the forum state;

"(2) non-resident takes advantage of privileges and benefits of forum state;

"(3) non-resident solicits business through agents or advertising reasonably calculated to reach the forum state;

"(4) it is foreseeable that non-resident will litigate in the forum state; and

"(5) convenience to the litigants and fairness of requiring non-resident to come to the forum state." *Kleinfeld, supra,* syllabus.

Neither the pleadings nor the opposing affidavits in this case contain sufficient facts to either establish or negate these requirements. Therefore, the case should be remanded in order to determine if sufficient minimum contacts exist.

Appellant also argues that the forum selection clause should be enforced against appellee; thus, summary judgment should be entered for appellant.

While historically the courts have been reluctant to enforce such clauses, the trend is moving toward recognition. *The Bremen* v. *Zapata Off-Shore Co.* (1972), 407 U.S. 1, 9-12. Many jurisdictions have held:

"* * * that a forum selection clause

that is fairly bargained for and not the result of fraud will be enforced so long as to do so is reasonable at the time of litigation and does not deprive a litigant of his day in court. The burden of so showing falls upon the party challenging the validity of the clause." *Societe Jean Nicolas Et Fils* v. *Mousseux* (1979), 123 Ariz. 59, 61, 597 P. 2d 541; *The Bremen, supra; Central Contracting Co.* v. *C. E. Youngdahl & Co.* (1965), 418 Pa. 122, 133-134, 209 A. 2d 810.

The Ohio Supreme Court has not specifically addressed the issue of forum selection clauses. It has recently held, however, that choice of law clauses are enforceable:

"The law of the state chosen by the parties to govern their contractual rights and duties will be applied unless either the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or application of the law of the chosen state would be contrary to the fundamental policy of a state having a greater material interest in the issue than the chosen state and such state would be the state of the applicable law in the absence of a choice by the parties." *Schulke Radio Productions, Ltd.* v. *Midwestern Broadcasting Co.* (1983), 6 Ohio St. 3d 436, syllabus.

The analogy between choice of law clauses and forum selection clauses is readily apparent. Thus, forum selection clauses are enforceable under the same restrictions as choice of law clauses.

Again, however, the pleadings and affidavits do not provide sufficient facts from which a determination of the reasonableness and fairness of the clauses herein can be made. The case should be remanded in order to establish this information.

As genuine issues of material fact remain to be resolved, neither party is entitled to summary judgment. Civ. R. 56(C). Thus, we reverse and remand for further proceedings consistent with this opinion.

*Judgment reversed and cause remanded.*

COOK, P.J., and DAHLING, J., concur.