**EASTERN EUROPE, INC., Plaintiff,**

v.

**TRANSPORTMASCHINEN, EXPORT–IMPORT, INC., Defendant.**

**No. 85 Civ. 7542 (SWK).**

United States District Court, S.D. New York.

April 10, 1987.

Adduci, Dinan & Mastriani by Donald R. Dinan, Bennett Caplan, Washington, D.C., Bryan S. Ross, New York City, for plaintiff.

Mudge Rose Guthrie Alexander & Ferdon by Robert A. Cantor, Jeffrey S. Neeley, New York City, for defendant.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

This action is brought under Section 2(a) of the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. §§ 1330, 1391(f), 1441(d) and 1602–1611. Plaintiff seeks indemnification for damages assessed against plaintiff resulting from an agency contract with defendant. This action is presently before the Court on defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. For the reasons set forth below, defendant's motion is granted and this action is dismissed.

### FACTS

The following facts are as alleged in the complaint in this action. Plaintiff East Europe, Inc. ("East Europe"), a New York Corporation, is a successor corporation to East Europe Import-Export, Inc. ("East Europe I–E"). In December 1973, East Europe I–E and defendant Transportmaschinen Export-Import Corporation ("TM") entered into an "Agency Contract" providing for East Europe I–E, as TM's exclusive agent in the United States, to import East German MZ motorcycles into the United States to sell to domestic dealers.

Section 15 of the East Europe/TM contract contains the following conflicts resolution clauses:

1. In case of conflicts arising from this contractual relationship the law prevailing in the country of the complainant will be applied.

2. All conflicts in connection with or arising from this contract will be settled by the Arbitration Court in Geneva—Switzerland or by the competent court an [sic] the main place of business of defendant, according to choice of the complaining party.

The contract also provided that the MZ motorcycles would comply with United States motorcycle safety standards. However, TM engineers advised East Europe I–E that they would not be able to ensure compliance with the standards regulating the lighting systems for the motorcycles unless East-Europe I–E provided the correct lighting systems.

In January 1984, East Europe I–E agreed to provide each imported MZ motorcycle with an appropriate lighting system. East Europe I–E purchased Lucas lighting systems in Great Britain which were sent to TM's factory in East Germany for installation.

In January 1984, East Europe I–E contracted with George Byers, Son, Inc. ("Byers") to be the exclusive distributor of MZ motorcycles within a seven state region in the midwestern United States. In early 1976, Byers brought an action in the United States District Court for the District of Maryland seeking damages against East Europe I–E for supplying noncomplying MZ motorcycles. The court found a breach of East Europe I–E's contract with Byers in that the imported MZ motorcycles did not comply with certain federal motorcycle safety standards and awarded Byers $400,-000 in damages. *See Geo. Byers Sons, Inc. v. East Europe Import Export, Inc.*, 488 F.Supp. 574, 587 (D.Md.1980).

East Europe, as East Europe I–E's successor in interest on the contract, initiated this action in December 1985 by serving the summons and complaint in accordance with the Foreign Sovereign Immunities Act, 28 U.S.C. § 1608(b)(3)(B). East Europe argues that it is entitled to be indemnified by TM for the judgment paid to Byers on the ground that East Europe I–E acted as TM's agent according to the express terms of their contract.

Defendant moves to dismiss this action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on the grounds that the choice of forum clause contained in the contract at issue bars litigation in this forum and that, in any event, this action is barred by the six year statute of limitations applicable to contract actions which began to run upon the alleged breach in early 1976.

Eastern Europe argues (1) that this action in indemnity is unrelated to the actual performance of the contract and therefore the arbitration/forum selection clause does not apply, (2) that this action for indemnification is not timebarred as it is based on a six year statute of limitations for indemnification which only began to run on Eastern Europe's satisfaction of Byers' judgment against it, and (3) that TM's motion to dismiss should be treated as a motion for summary judgment as there are genuine issues of fact in dispute.

### DISCUSSION

Parties to a contract may agree in advance to submit to the jurisdiction of a given court. *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10–11, 92 S.Ct. 1907, 1913, 32 L.Ed.2d 513 (1972); *M. Lowenstein & Sons, Inc. v. Austin*, 430 F.Supp. 844, 845 (S.D.N.Y.1977). It is well settled that federal courts in New York give full force and effect to such consent to jurisdiction clauses, *National Equipment Rental v. Szukhent*, 375 U.S. 311, 315–16, 84 S.Ct. 411, 414, 11 L.Ed.2d 354 (1964), unless the resisting party can demonstrate that "enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Bense v. Interstate Battery System of America, Inc.*, 683 F.2d 718, 721 (2d Cir.1982) (quoting *The Bremen*, 407 U.S. at 10–11, 92 S.Ct. at 1913).

It is also well settled that federal courts favor arbitration and will give a liberal construction to arbitration clauses in contracts. *See Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983); *Seguros Banvenez v. S/S Oliver Drescher*, 761 F.2d 855, 862 (2d Cir. 1985).

Furthermore, the Eastern Europe/TM contract falls within the Convention on the Recognition and Enforcement of Arbitral Awards of which both the United States and East Germany are members. The Convention provides:

> The court of a Contracting State, when seized of an action in a matter in respect of which the parties have made an agreement within the meaning of this article, shall, at the request of one of the parties refer the parties to arbitration, unless it finds that the said agreement is null and void, inoperative or incapable of being performed.

Convention on the Recognition and Enforcement of Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, T.I.A.S. No. 6997, 330 U.N.T.S. 3. The United States' courts consistently interpret this Convention provision as foreclosing the jurisdiction of its courts, at least until an arbitral award has been entered.

> The Convention requires recognition of arbitration agreements and the referral of the parties to the forum which they have selected for resolution of their dispute. Once this has been done, neither the Convention nor the United States Arbitration Act provides for further judicial involvement until a party specifically seeks recognition of an award. This is in contrast to Section 3 of the United States Arbitration Act, 9 U.S.C. § 3, which does not require referral but specifically requires a "stay [of] the trial of the action until such arbitration has been had in accordance with the terms of the agreement." The finality of the referral procedure, and the absence of any provision for retention of jurisdiction, after referral by the court, indicates that dismissal of the complaint for lack of subject mat-

ter jurisdiction is the appropriate remedy under the Convention.

*Siderius, Inc. v. Compania de Acero del Pacifico*, 453 F.Supp. 22, 25 (S.D.N.Y.1978).

As a result, it is well settled that the arbitration/forum selection clause at issue here must be honored by the Court absent the invalidity of the clause, which Eastern Europe does not allege.

Eastern Europe's argument that this action in indemnity is unrelated to the actual performance of the contract and therefore that the arbitration/forum selection clause does not apply is untenable. The language of the arbitration/forum selection clause at issue here is mandatory, *see Credit Alliance Corp. v. Crook*, 567 F.Supp. 1462, 1465 (S.D.N.Y.1983), and provides explicitly that "[a]ll conflicts *in connection with or arising from*" the contract must be resolved (1) by arbitration in Geneva, or (2) by initiating suit in the German Democratic Republic. Eastern Europe's claim in indemnity *arises from* the Eastern Europe/TM contract and therefore is covered by the arbitration/forum selection clause.

This Court is therefore without jurisdiction to hear Eastern Europe's claim. Because the Court has determined that it lacks jurisdiction to hear this action, it need not reach the statute of limitations issue.

Accordingly, TM's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is granted, and this complaint is dismissed.

SO ORDERED.