**INTERAMERICAN TRADE CORPORATION, Plaintiff–Appellant,**

v.

**COMPANHIA FABRICADORA DE PECAS; Cofap of America, Inc., Defendants–Appellees.**

**No. 91–3908.**

United States Court of Appeals, Sixth Circuit.

Argued May 8, 1992.

Decided Aug. 19, 1992.

Charles J. Faruki, David A. Shough, Donald E. Burton (briefed), D. Jeffrey Ireland (argued and briefed), Faruki, Gilliam & Ireland, Dayton, Ohio, for plaintiff-appellant.

Howard P. Krisher, Charles Donald Shook (argued and briefed), Bieser, Greer & Landis, Dayton, Ohio, for defendants-appellees.

* The Honorable Paul H. Roney, Senior Circuit Judge of the United States Court of Appeals for the Eleventh Circuit, sitting by designation.

Before: GUY and BOGGS, Circuit Judges; and RONEY, Senior Circuit Judge.*

RONEY, Senior Circuit Judge.

The question presented in this case is whether the district court erred in dismissing the plaintiff's lawsuit because of a forum selection clause in the written agreements between the two parties. We affirm.

Plaintiff Interamerican Trade Corporation (ITC) is a Delaware corporation with its principal place of business in Dayton, Ohio. Defendant Companhia Fabricadora de Pecas (Cofap) is a Brazilian manufacturer of automotive parts and supplies with a subsidiary in Ohio. ITC and Cofap entered into a written agreement where ITC agreed to act as exclusive sales representative for Cofap in the United States in exchange for sales commissions. After the first agreement expired, they entered into a second written agreement. The two written agreements contain the following Brazilian forum selection clause:

> In relation to the interpretation and compliance with this Agreement, the parties elect the jurisdiction of the competent Courts of Sao Paulo, Brazil, waiving any other jurisdiction that may correspond to them by reason of their present or future domicile.

They also entered into an oral agreement involving the sale of Cofap products.

ITC filed an action in Ohio state court against Cofap and its subsidiary, alleging that Cofap breached their agreements. Cofap removed the case to federal court. The district court dismissed, holding that because of the forum selection clause the lawsuit could only be brought in Sao Paulo, Brazil.

There is an apparent conflict among the circuits as to whether federal or state law applies regarding the enforceability of forum selection clauses where a federal court is sitting in diversity jurisdiction. The parties agree that the issue need not be decid-

ed in this case because Ohio courts treat forum selection clauses in a similar manner as the federal courts. *See United Standard Management Corp. v. Mahoning Valley Solar Resources Inc.*, 16 Ohio App.3d 476, 16 OBR 559, 476 N.E.2d 724, 725–26 (1984). We, therefore, analyze the case under federal law for the purposes of this appeal.

Plaintiff-appellant ITC asserts that the district court misapplied the standard for determining the validity of a forum selection clause as articulated in *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). According to *Bremen*, the forum clause should control absent a strong showing that it should be set aside. "The correct approach [is] to enforce the forum clause specifically unless" ITC can "clearly show that enforcement would be unreasonable and unjust, or that the clause [is] invalid for such reason as fraud or overreaching." 407 U.S. at 15, 92 S.Ct. at 1916.

■ ITC does not allege fraud or overreaching. The contract is typewritten. The provision is not buried deep in finely printed matter. Rather, it is in the same type as the other clauses and is clear. ITC does not argue that it did not know that it was agreeing to the forum for litigation over the contract. ITC does argue that the clause was a non-negotiable provision of the agreement as to which it had no choice. ITC could have, however, walked away from the contract, being under no compulsion to deal in Cofap products. Where there is no contract of adhesion and a party is not somehow compelled to enter into a contract, the fact that the forum selection clause is so important to the defendant to be non-negotiable works against the plaintiff's position, rather than for it. *Cf. Carnival Cruise Lines v. Shute*, — U.S. —, —, 111 S.Ct. 1522, 1528, 113 L.Ed.2d 622, 633 (1991); *Mercury Coal & Coke, Inc. v. Mannesmann Pipe & Steel Corp.*, 696 F.2d 315, 318 (4th Cir.1982).

■ ITC contends that enforcement of the forum selection clause would be unjust and unreasonable, urging that: Brazil has no substantial relationship to the dispute;

negotiations occurred primarily in Ohio; ITC acted as sales agent for Cofap inside the United States; documents related to the dealings are in Ohio; Cofap and ITC are located in Ohio; critical witnesses are in Ohio; third party witnesses are in the United States; and, one of the subjects of the disputed agreements, shock absorbers, is warehoused in Ohio. The problem with this argument is that it focuses on facts which were either present or reasonably could have been foreseen at the time ITC entered into the contract.

Cofap responds with other facts, fully known to the parties at the time of the contract: Brazil has a logical connection to the agreements; Brazil is the principal place of business of one of the parties; the clause appears in a freely-negotiated private international agreement; and, the contract requires that Brazilian law be applied.

ITC points to a holding of *Bremen* that a showing of serious inconvenience to a party can render a forum selection clause unreasonable and unenforceable. 407 U.S. at 16, 92 S.Ct. at 1916. Under this approach, however, in order to escape the contractual forum, it is incumbent upon ITC to show that trial in Brazil "will be so gravely difficult and inconvenient that [it] will for all practical purposes be deprived of [its] day in court." 407 U.S. at 18, 92 S.Ct. at 1917. ITC contends that litigation in Brazil would bar as a practical matter its claim, because in Brazil: a jury trial is not available; the judicial process is slow; trial by depositions is not permitted; ITC would have to deposit in excess of $2.2 million as security; judgment is generally awarded in cruzeiros, not dollars; and, it would be difficult for the plaintiff to get dollars out of Brazil. These matters were all known or foreseeable at the time ITC agreed to litigate in Brazilian courts, however.

As Cofap points out: the courts in Brazil are fully competent; litigation in Brazil may be more inconvenient for ITC but is not unjust; other courts have found Brazil to be a proper forum; and, speculative concern regarding fairness of a foreign court, which parties must have considered

when negotiating the agreement, does not justify refusal to enforce the clause.

Here, "where it can be said with reasonable assurance that at the time they entered the contract" ITC and Cofap were "parties to a freely negotiated private international commercial agreement [and] contemplated the claimed inconvenience, it is difficult to see why any such claim of inconvenience should be heard to render the forum clause unenforceable." *Bremen*, 407 U.S. at 16, 92 S.Ct. at 1916. This is simply not a case in which a change of circumstances has occurred in Brazilian litigation that would justify a court in relieving ITC of its contractual commitment. We hold that ITC has not met the heavy burden of proof required to set aside the clause on the grounds of inconvenience. *See Carnival Cruise Lines v. Shute*, — U.S. —, —, 111 S.Ct. 1522, 1527–29, 113 L.Ed.2d 622, 632–33 (1991).

■ ITC makes a second, fall-back, argument that, even if the forum selection clause is enforceable, the entire case should not have been dismissed because some of its claims are not within the forum selection clause. ITC's argument is that its first claim—for breach of written agreements—is the only claim within the scope of the forum selection clause, as the clause only references the two written agreements. Citing *Farmland Indus., Inc. v. Frazier–Parrott Commodities, Inc.*, 806 F.2d 848, 852 (8th Cir.1986), ITC argues that the clause in the written agreements does not apply to its claims against Cofap for breach of oral agreements, violations of Ohio Rev.Code Ann. § 1335.11, wrongful repudiation, unjust enrichment, and breach of exclusive sales agreement.

The district court properly held that the forum selection clause embraces disputes concerning interpretation of and compliance with the agreements and that all of ITC's claims arise out of the alleged breaches by Cofap of the written agreements. *See Moses v. Business Card Exp., Inc.*, 929 F.2d 1131, 1139–40 (6th Cir.), *cert. denied*, — U.S. —, 112 S.Ct. 81, 116 L.Ed.2d 54 (1991); *Manetti–Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509 (9th

Cir.1988). *But cf. Caton v. Leach Corp.*, 896 F.2d 939, 942–43 (5th Cir.1990). ITC argues that, with respect to its claim under Ohio Rev.Code Ann. § 1335.11, a strong public policy of protecting local businesses from victimization by nonresident businesses for the failure to pay commissions prevents enforcement of the forum selection clause. This argument does not militate against the proper application of forum selection clause law. *Cf. Bremen*, 407 U.S. at 15–16, 92 S.Ct. at 1916–17.

AFFIRMED.