**DISCOUNT BRIDAL SERVICES, INC., Appellee,**

v.

**KOVACS, Appellant.**

[Cite as *Discount Bridal Serv., Inc. v. Kovacs* (1998), 127 Ohio App.3d 373.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 72409.

Decided April 27, 1998.

374

*Millisor & Nobil, Michele Schmidt* and *Sue Marie Douglas*, for appellee.

*Csank & Csank Co.* and *James F. Csank; McCafferty & Perelman* and *Robert L. Steely*, for appellant.

---

TIMOTHY E. MCMONAGLE, Judge.

Defendant-appellant, Charlene Kovacs ("appellant"), appeals the decision of the Cuyahoga County Common Pleas court denying her motion for relief from judgment that sought to vacate a foreign judgment filed by plaintiff-appellee, Discount Bridal Services, Inc. ("Discount Bridal"), under R.C. 2329.021 *et seq.* For the reasons that follow, we affirm.

The record reflects that, sometime in February 1993, appellant entered into a contractual relationship with Discount Bridal, a Maryland corporation, agreeing to become a dealer for the latter's bridal apparel in the Cleveland area. The agreement, and an amendment thereto, included *inter alia* (1) a noncompete clause effective for two years upon termination of the agreement (2) a forum-selection clause mandating that any action on the contract be instituted in Maryland, and (3) a provision for the payment of attorney fees in the event that Discount Bridal prevails on any such action.

Appellant eventually terminated the agreement in August 1995, whereupon Discount Bridal instituted suit in Maryland seeking to enforce the noncompete clause and for associated attorney fees. Appellee, through counsel, informed Discount Bridal's Maryland counsel that she would not be answering the complaint and would instead defend any enforcement proceedings in Ohio. As a result, a default judgment was obtained against appellant in Maryland, and in an order journalized on January 28, 1997, the Maryland court enjoined appellant from marketing bridal apparel for a period of two years from the date the judgment is enrolled in Ohio. Appellant was further ordered to pay $1,347.92, plus interest, to Discount Bridal for attorney fees.

Discount Bridal subsequently filed a notice of foreign judgment in the Cuyahoga County Court of Common Pleas pursuant to R.C. 2329.022. In response, appellant filed a motion seeking relief from judgment. In its journal entry denying the motion, the trial court stated in part:

"Defendant's Motion for Relief from Judgment filed 3-19-97, is denied. Any attack on the judgment to occur in the proper forum, to wit, Maryland."

Appellant now appeals and assigns the following errors for our review:

"I. The court below erred in ruling that the judgment of the plaintiff could only be attacked in the state of Maryland.

"II. The court below erred in failing to grant the defendant/appellant a hearing on the issue of the Maryland court's jurisdiction, which jurisdiction was disputed in her motion for relief from judgment."

I

In her first assignment of error, appellant contends that the trial court erroneously determined that the judgment of the Maryland court could be challenged only in Maryland. Specifically, appellant argues that the forum-selection clause contained in the agreement is invalid and does not permit the Maryland court to exercise personal jurisdiction over her.

In support of her argument, appellant relies on *United Std. Mgt. Corp. v. Mahoning Valley Solar Resources, Inc.* (1984), 16 Ohio App.3d 476, 16 OBR 559, 476 N.E.2d 724, for the proposition that the validity of a forum-selection clause, like a choice-of-law provision, should be analyzed according to minimum-contacts principles and, *inter alia*, upheld unless "application of the law of the chosen state would be contrary to the fundamental policy of a state having a greater material interest in the issue than the chosen state." *Id.* at 478, 16 OBR at 560, 476 N.E.2d at 726. See, also, *Schulke Radio Productions, Ltd. v. Midwestern Broadcasting Co.* (1983), 6 Ohio St.3d 436, 438–439, 6 OBR 480, 481–483, 453 N.E.2d 683, 685–687. In this regard, appellant argues that she has had no contacts with Maryland apart from the agreement at issue in this case and that Ohio has a greater material interest in the issues involved because appellant and her customers are located in Ohio.

Nonetheless, the Supreme Court of Ohio has rejected this type of analysis in *Kennecorp Mtge. Brokers, Inc. v. Country Club Convalescent Hosp., Inc.* (1993), 66 Ohio St.3d 173, 610 N.E.2d 987, in favor of finding forum-selection clauses *prima facie* valid in a commercial context, as long as the clause has been freely bargained for. *Id.* at 175, 610 N.E.2d at 988–989, citing *The Bremen v. Zapata Off–Shore Co.* (1972), 407 U.S. 1, 16, 92 S.Ct. 1907, 1916–1917, 32 L.Ed.2d 513, 524; see, also, *Marvel Consultants, Inc. v. Gilbar Eng., Inc.* (Jan. 22, 1998), Cuyahoga App. No. 72666, unreported, 1998 WL 23807. Thus, in the absence of fraud or overreaching, a forum-selection clause contained in a commercial contract between business entities is valid and enforceable unless it can be clearly shown that enforcement of the clause would be unreasonable and unjust. *Id.* at 176, 610 N.E.2d at 989–990.

As a threshold matter and contrary to appellant's contention, the burden of demonstrating the enforceability of such a clause falls upon the party challenging the clause. *The Bremen, supra,* at 9–12, 92 S.Ct. at 1912–1914, 32 L.Ed.2d at 519–522. Thus, it is incumbent upon appellant to present sufficient

evidentiary material supporting the invalidity of the clause. Towards this end, appellant argues that the forum-selection clause was not fairly bargained for because Discount Bridal fraudulently misrepresented that it would provide future advertising. In support of this argument, appellant appended to her motion for relief from judgment an affidavit wherein she avers that, to the best of her knowledge, Discount Bridal never advertised as promised. This conclusory statement, without more, does not support that the contract, or the forum-selection clause contained in the contract, was obtained fraudulently. Indeed, such a statement, if proved, may support an action for breach of contract but does not support that inclusion of the forum-selection clause in the contract was the product of fraud.

Having failed to establish that the clause was not fairly bargained for or that the clause was the product of fraud or overreaching, it remains to be decided whether appellant could demonstrate that enforcement of the forum-selection clause would be unreasonable or unjust. Appellant, however, made no allegations or presented any argument that the clause was unreasonable or unjust. Consequently, we find the forum-selection clause to be enforceable.

Accordingly, appellant's first assignment of error is not well taken and is overruled.

## II

■ In her second assignment of error, appellant contends that the trial court erred in denying her motion for relief from judgment without a hearing on the issue of jurisdiction. Discount Bridal, on the other hand, maintains that such a motion is an inappropriate vehicle for challenging the enforcement of a foreign judgment under R.C. 2329.022.

R.C. 2329.022 provides in part:

"The clerk shall treat the foreign judgment in the same manner as a judgment of a court of common pleas. A foreign judgment filed pursuant to this section has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a court of common pleas and may be enforced or satisfied in same manner as a judgment of a court of common pleas."

■ A judgment of a sister state's court is subject to collateral attack in Ohio if there was no subject-matter or personal jurisdiction to render the judgment under the sister state's law, and under that law the judgment is void. *Litsinger Sign Co., Inc. v. Am. Sign Co.* (1967), 11 Ohio St.2d 1, 40 O.O.2d 30, 227 N.E.2d 609, paragraph one of the syllabus. If, however, the defendant has submitted to the jurisdiction of the sister state, collateral attack is precluded. *Speyer v.*

*Continental Sports Cars, Inc.* (1986), 34 Ohio App.3d 272, 274, 518 N.E.2d 39, 40–41; see, also, *Brindley v. Casgar* (Nov. 7, 1991), Cuyahoga App. No. 59196, unreported, at 8, 1991 WL 232180.

Because we find the forum-selection clause contained in the parties' agreement to be enforceable, appellant has, for all practical purposes, submitted to the jurisdiction of the Maryland court, thereby precluding collateral attack on this issue. Consequently, it was not error for the trial court to deny appellant's motion on this issue without a hearing.

Accordingly, appellant's second assignment of error is not well taken and is overruled.

*Judgment affirmed.*

O'DONNELL, P.J., and KARPINSKI, J., concur.