JOURNAL ENTRY and OPINION
Appellants Saint Marks Presbyterian Church and Reverend Joan Campbell (Reverend Campbell) appeal the decision of Cuyahoga County Court of Common Pleas denying appellants' motion for relief from judgment, which sought to vacate the foreign judgment filed by appellee Copelco Capital, Inc. Appellants assign the following two errors for our review:
 I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS BY GRANTING A DEFAULT JUDGMENT AGAINST APPELLANTS WHEN NEW JERSEY COURT DID NOT HAVE IN PERSONAM JURISDICTION OVER THE APPELLANTS.
 II. THE TRIAL COURT ERRED BY NOT SCHEDULING A HEARING.
Having reviewed the record and the legal arguments of the parties, we reverse and vacate the judgment of the trial court. The apposite facts follow.
On December 29, 1995, appellant Saint Marks Presbyterian Church entered into an equipment lease contract with American Financial Resources (AFR), a company based in Cleveland, Ohio. Under the terms of the contract, appellants agreed to lease a Ricoh 6655 copier system for sixty months at a monthly payment of $1,068. The contract provided, inter alia, the following forum selection clause:
 Law: If this lease is assigned by the lessor then lessee agrees that the rights and remedies of the parties shall be interpreted construed and enforced in accordance with the laws and public policies of the State of incorporation of the assignee. In any legal action hereunder Lessee hereby consents to personal jurisdiction and venue in either the United States District Court or appropriate State court in the state of assignee's corporate headquarters.
Appellant Reverend Campbell signed the lease contract on behalf of St. Marks on December 29, 1995. On the same day, AFR assigned all its rights, title, and interests in the contract to appellee Copelco Capital, Inc., a New Jersey based company.
Appellants made monthly payments required under the contract from March 1996 to November 1997. Appellants stopped making payments in December 1997. On or about March 25, 1998, Copelco filed suit against appellant in the Superior Court of New Jersey.[1] On April 8, 1998, appellee caused appellants to receive personal service of summons together with its complaint at the church's address in Cleveland, Ohio.
Appellants failed to respond to appellee's New Jersey complaint. On March 31, 1999, Copelco filed a motion requesting the Superior Court of New Jersey to enter default judgment against appellants. On June 28, 1999, the Superior Court of New Jersey entered default judgment against appellants in the amount of $37,848.69.
On August 23, 1999, appellee filed a notice of foreign judgment in the Cuyahoga Court of Common Pleas pursuant to the Ohio Uniform Enforcement of Foreign Judgments Act, R.C. 2329.022. On August 30, 1999, the Cuyahoga County Clerk of Court sent notice of the filing to appellants. Nine days later, on September 8, 1999, the court granted appellee's request and entered the foreign judgment against appellants.
In response, appellants filed a motion for relief from judgment pursuant to Civ.R. 60(B) seeking to vacate the foreign judgment, together with a motion to stay execution of the New Jersey judgment. In its motion for relief of judgment, appellants alleged Copelco failed to give proper notice to appellants; and that the courts of New Jersey lacked in personam jurisdiction over appellants because appellants had no contact with New Jersey and did not receive service of summons in New Jersey. Additionally, appellants alleged an entitlement to relief from judgment because the trial court accepted the foreign judgment immediately without first inquiring into New Jersey's jurisdiction to enter judgment.
Appellee opposed appellants' motion. Appellee argued appellants consented to personal jurisdiction in New Jersey by virtue of the forum selection clause in the contract; that appellant received personal service in the New Jersey action; and that appellee followed all necessary procedures to establish its foreign judgment. On January 27, 2000, the trial court entered its decision, without opinion, denying appellants' request for stay of execution of foreign judgment together with appellant's Civ.R. 60(B) motion. Appellants now appeal the trial court's decision.
In their first assignment of error, appellants argue the trial court erred in accepting the foreign judgment, which was void for lack of jurisdiction and in denying their Civ.R. 60(B) motion for relief from the judgment. Appellants argue they satisfied the requirements for relief under Civ.R. 60(B), and therefore, are entitled to an order by the trial court vacating the New Jersey judgment.
We begin our analysis of appellants' first assignment of error by noting that authority to vacate a void judgment is not found in Civ.R. 60(B), but rather constitutes an inherent power possessed by Ohio courts. Durkin v. Turisomo Jaguar (Dec. 17, 1999), Lake App. No. 98-L-101, unreported citing Patton v. Diemer (1988), 35 Ohio St.3d 68,518 N.E.2d 941, paragraph four of the syllabus. Thus, appellants need not satisfy the requirements of Civ.R. 60(B) to demonstrate an entitlement to relief. Rather, appellants must show that the New Jersey court lacked jurisdiction to enter judgment. See Discount Bridal, Inc. v. Kovacs (1998), 127 Ohio App.3d 373; 713 N.E.2d 30; Waymire v. Litsakos (Nov. 5, 1992), Montgomery App. No. 13179, unreported. We now address the merits of appellants' first assignment of error.
Appellants argue the New Jersey court lacked jurisdiction to enter judgment against them because they did not establish minimum contacts with New Jersey and did not consent to give personal jurisdiction to that state. Under these circumstances, appellants argue acceptance and enforcement of the New Jersey judgment is unreasonable and unjust. Appellee counters, arguing that the establishment of minimum contacts is not at issue in this case because the New Jersey court gained personal jurisdiction over appellants pursuant to the forum selection clause contained in the equipment lease contract.
The requirement that a court have personal jurisdiction over a party is a waivable right and there are a variety of legal arrangements whereby litigants may consent to the personal jurisdiction of a particular court system. Kennecorp Mortgage Brokers, Inc. v. Country Club Convalescent Hospital, Inc. (1983), 66 Ohio St.3d 173, 175, 610 N.E.2d 987, 989. Use of a forum selection clause by contracting parties is a recognized method of consenting to the jurisdiction of a particular court system. M/S Bremen v. Zapata Off Shore Co. (1972), 407 U.S. 1, 92 S.Ct. 1907,32 L.Ed.2d 513; Kennecorp; Discount Bridal Services. As a general rule, a forum selection clause contained in a freely bargained commercial contract is valid and enforceable, unless enforcement would be unreasonable or unjust. Id. In cases where Ohio courts have upheld the validity of a forum selection clause, contracting parties specifically identified the state in which to resolve their legal disputes. See Kennecorp (upheld parties bargained for contract designation of Ohio as proper forum between California and Ohio companies); White Outdoor Prods. Co. v. American Roll Stock Co. (Jun 28, 2000), Medina App. No. 3012-M, unreported (upheld litigants bargained for contract designation of Ohio as proper forum between Texas and Ohio litigants); Valmac Indus. v. Ecotech Mach., Inc. (Apr. 7, 2000), Montgomery App. No. 17990, unreported (upheld parties bargained for contract designation of Georgia as proper forum between Georgia and Ohio litigants, but noted Ohio may have concurrent jurisdiction to determine disputes); Vintage Travel Servs. v. White Heron Travel (May 22, 1998), Montgomery App. No. 16433, unreported (upheld parties bargained for contract designation of Texas proper forum for dispute between Texas and Ohio companies); Discount Bridal, Inc., supra. (upheld parties bargained for contract designation of Maryland as proper forum for dispute between Maryland and Ohio companies); Alpert v. Kodee Techs.(Jan. 16, 1997), Cuyahoga App. No. 70492, unreported (upheld bargained stating venue will be determined by legal residence of defendant where dispute between the original contracting parties one with residence in California and the other in Ohio).
For example, Kennecorp involved a contract dispute between an Ohio based company and one based in California. In Kennecorp, two apparently sophisticated parties entered into a multi-million dollar financing agreement, which included the following forum selection clause:
 All laws pertaining to this agreement shall be governed [sic] by the laws of the state of Ohio, as well as jurisdiction shall be in the Ohio courts.
Kennecorp Mortgage Brokers, Inc. v. Country Club Convalescent Hospital, Inc. (Feb 21, 1992), Lucas App. No. L-91-157, unreported. In the absence of fraud, overreaching or any allegations that enforcement of this clause was unreasonable or unjust, the Ohio Supreme Court found this clause sufficient to establish consent of the parties to personal jurisdiction in the courts of Ohio. Kennecorp at 176, 610 N.E.2d at 989.
We conclude the instant case is distinguishable from Kennecorp and other cases upholding the validity of forum selection clauses. Appellants are not sophisticated commercial entities engaged in business for profit, but rather are a local church and its reverend. Unlike the contract in Kennecorp, and other cases where Ohio courts have upheld the validity of forum selection clauses, the forum selection clause contained in appellants' contract failed to specify the jurisdiction of a particular court. Further, unlike the other cases where the original contracting parties resided in different states when they executed the contract, appellants and AFR, the original contracting parties, were both based in the state of Ohio. Consequently, appellants could not reasonably anticipate being called into the courts of New Jersey to defend their contractual agreement with AFR. We are mindful that pursuant to their contracts with assignors, assignees like appellee are vested with the rights and remedies available to the assignor. Further, we do not by our decision express any opinion regarding the merits of appellee's underlying complaint against appellants. However, under the particular circumstances of this case, we conclude enforcement of the forum selection clause contained in the contract would be unreasonable. Therefore, we sustain appellants' first assignment of error. Accordingly, we reverse and vacate the judgment of the trial court.
Based on our resolution of appellants' first assignment of error, we conclude appellants second assignment of error is moot. See App.R. 12.
Judgment reversed and vacated.
It is, therefore, considered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
JAMES D. SWEENEY, P.J., CONCURS, ANNE L. KILBANE, J., CONCURS IN PART AND DISSENTS IN PART WITH ATTACHED OPINION.
[1] The record does not contain a copy of the complaint.