OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Whitten, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Kennecorp Mortgage Brokers, Inc., Appellee, v. Country Club Convalescent Hospital, Inc. et al., Appellants.
[Cite as Kennecorp Mtge. Brokers, Inc. v. County Club Convalescent Hosp., Inc. (1993),        Ohio St.3d    .]
Contracts -- Absent evidence of fraud or overreaching, a forum selection clause in commercial contract between business entities is valid and enforceable.
Absent evidence of fraud or overreaching, a forum selection clause contained in a commercial contract between business entities is valid and enforceable, unless it can be clearly shown that enforcement of the clause would be unreasonable and unjust.
(No. 92-767 -- Submitted March 9, 1993 -- Decided May 5, 1993.)

Appeal from the Court of Appeals for Lucas County, No. L-91-157.

Plaintiff-appellee, Kennecorp Mortgage Brokers, Inc., is an Ohio corporation with its main office in Toledo, Ohio. Defendant-appellant, Country Club Convalescent Hospital, Inc., is a California corporation with its main office in Santa Ana, California. Defendants-appellants Isabel Hernandez and Julia Hernandez are officers of the defendant corporation, and both reside in California. On or about April 28, 1989, defendants entered into a contract with plaintiff, whereby plaintiff was to find a construction mortgage commitment for defendants on a piece of property located in Santa Ana. It appears the contract was drafted and signed by the defendant-officers in California, and forwarded to Toledo where it was accepted by an officer of plaintiff. In pertinent part, the contract provided a choice of law and forum selection clause as follows:

"*** All laws pertaining to this agreement shall be goverened [sic] by the laws of the state of Ohio, as well as jurisdiction shall be in the Ohio courts."

In its complaint filed in the Lucas County Court of Common Pleas, plaintiff alleged that it arranged a loan for defendants with the American Interstate Bank, but that as a result of the actions of defendants the loan was never closed. Plaintiff further alleged that "due to the wrongful actions of each and

every Defendant *** and their intentional interference with performance of the contract with Plaintiff, Plaintiff was harmed in the amount of $130,000.00."

Defendants filed a motion to dismiss the complaint for lack of personal jurisdiction, and in an opinion and judgment entry filed April 16, 1991, the trial court granted the motion and dismissed plaintiff's complaint with prejudice.

Upon appeal, the court of appeals reversed and remanded. The appellate court noted that "[t]he modern trend is to enforce a forum selection clause in a commercial contract entered into through arms length negotiations between sophisticated business entities if the term is reasonable and fair. The Bremen v. Zapata Off-Shore Co. (1972), 407 U.S. 1 [92 S.Ct. 1907, 32 L.Ed.2d 513]." The court of appeals then gave various reasons why it should enforce the instant forum selection clause, and concluded that since the parties appear to be sophisticated business entities and there was no evidence presented indicating that the terms of the contract were not negotiated freely and at arm's length, the forum selection clause is enforceable.

The cause is now before this court pursuant to the allowance of a motion to certify the record.

Patrick R. Millican, for appellee.
Manahan, Pietrykowski, Bamman & Delaney and H. William Bamman, for appellants.

A. William Sweeney, J.    The determinative issue in this appeal is whether a forum selection clause contained in an arm's-length commercial transaction between two business entities is valid and enforceable, irrespective of the number of contacts involved with the forum state. For the reasons that follow, we hold such clauses in the commercial contract context to be valid and enforceable and, therefore, affirm the decision of the court of appeals below.

Defendants-appellants contend that the forum selection clause in the instant contract violates due process based on a lack of minimum contacts between defendants and Ohio. Defendants rely on the decision in Burger King Corp. v. Rudzewicz (1985), 471 U.S. 462, 478, 105 S.Ct. 2174, 2185, 85 L.Ed.2d 528, 544-545, for the proposition that an individual's contract with an out-of-state party alone cannot automatically establish sufficient minimum contacts. Defendants argue that this court should apply the test set forth in Schulke Radio Productions, Ltd. v. Midwestern Broadcasting Co. (1983), 6 Ohio St.3d 436, 6 OBR 480, 453 N.E.2d 683, which governs choice of law contract provisions, since at least one Ohio appellate court has held that "[f]orum selection clauses are enforceable under the same restrictions as choice of law clauses." United Std. Mgt. Corp. v. Mahoning Valley Solar Resources, Inc. (1984), 16 Ohio App.3d 476, 16 OBR 559, 476 N.E.2d 724, syllabus.

In our view, however, a minimum-contacts analysis as set forth in Internatl. Shoe Co. v. Washington (1945), 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, and its progeny, is not appropriate in determining the validity of forum selection clauses in commercial contracts. See Mut. Fire, Marine &

Inland Ins. Co. v. Barry (E.D.Pa. 1986), 646 F.Supp. 831.

In the cause sub judice, we are dealing with two apparently sophisticated commercial parties who have entered into a multi-million dollar financing arrangement. As the court noted in Burger King, supra, at 472, 105 S.Ct. at 2182, 85 L.Ed.2d at 540, fn. 14, the requirement that a court have personal jurisdiction over a party is a waivable right and there are a variety of legal arrangements whereby litigants may consent to the personal jurisdiction of a particular court system. Moreover, in the light of present-day commercial realities, it has been stated that a forum selection clause in a commercial contract should control, absent a strong showing that it should be set aside. The Bremen v. Zapata Off-Shore Co. (1972), 407 U.S. 1, 15, 92 S.Ct. 1907, 1916, 32 L.Ed.2d 513, 523. The high court in The Bremen also opined that such forum selection clauses in the commercial contract context should be enforced, unless it is clearly shown that enforcement would be unreasonable and unjust, or that the clause was invalid as being a product of fraud or overreaching. Id.

Contrary to defendants' argument, we find Schulke Radio, supra, to be readily distinguishable from the instant cause, since Schulke Radio involved a conflict of law issue rather than the forum selection provision issue found herein. Unlike the court of appeals in United Std., supra, we believe that the essential nature of a forum selection clause demands a different type of analysis.

While research indicates that forum selection clauses have not been enforced in the past as being against public policy, see Annotation, Validity of Contractual Provision Limiting Place or Court in Which Action May be Brought (1984), 31 A.L.R. 4th 404, we believe that the better and more modern view is that such clauses are prima facie valid in the commercial context, so long as the clause has been freely bargained for. The Bremen, supra, at 16, 92 S.Ct. at 1916-1917, 32 L.Ed.2d at 524.

Here, there has been no allegation of fraud or overreaching on the part of plaintiff by defendants. In fact, it appears that defendants themselves drafted the instant contract wherein it is provided that Ohio would be the proper forum to resolve any contractual disputes that may arise. In addition, defendants essentially make no argument that the instant forum selection clause is unfair or unreasonable; rather, they maintain that in order to avoid violating due process, a minimum-contacts analysis is required. However, as mentioned before, inasmuch as it has been held that due process is waivable in a variety of legal arrangements, Burger King, supra, at fn. 14, we reject defendants' argument and find that they must live up to their end of the bargain in which they consented to personal jurisdiction in the courts of Ohio.

Additionally, plaintiff-appellee raises a legitimate assertion that dismissal of the Ohio litigation by this court would not necessarily prevent the California courts from dismissing any suit brought on account of the instant contract, given the clear and unmistakable provision which selects Ohio as the proper forum to resolve any contractual disputes. See Smith, Valentino & Smith, Inc. v. Superior Court of Los Angeles Cty. (1976), 17 Cal. 3d 491, 131 Cal. Rptr. 374, 551 P.2d 1206.

Based on the reasoning set forth in The Bremen, supra, and Burger King, supra, we believe it is clear that forum selection clauses in the commercial contract context should be upheld, so long as enforcement does not deprive litigants of their day in court.  Therefore, we hold that absent evidence of fraud or overreaching, a forum selection clause contained in a commercial contract between business entities is valid and enforceable, unless it can be clearly shown that enforcement of the clause would be unreasonable and unjust.

Accordingly, the judgment of the court of appeals is hereby affirmed.

Judgment affirmed.

Moyer, C.J., Wright,  Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

Douglas, J., not participating.