[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Plaintiff-appellant Information Leasing Corporation (ILC) appeals from the trial court's dismissal of its complaint against defendant-appellee Nancy Murrish, d.b.a. Peach Street Market and Deli. ILC claimed in its complaint that Murrish had defaulted under the terms of a contract between ILC, an Ohio corporation wholly owned by Provident Bank, and Murrish for the lease of an automated teller machine (ATM). The trial court granted Murrish's motion to dismiss the complaint for lack of personal jurisdiction,[1] holding that Murrish had been fraudulently induced to enter into the contract by representations that its forum-selection clause applied only to lawsuits relating to damage to the ATM. See Civ.R. 12(B)(2). We affirm.
{¶ 3} The written agreement between ILC and Murrish contained a forum-selection clause indicating that the agreement would be construed according to the laws of Ohio and that Murrish would consent to the jurisdiction and venue of any court located in Ohio. Murrish is a resident of Oregon who has never been to Ohio. The ATM was installed at her business located in Medford, Oregon.
{¶ 4} On February 25, 2002, Murrish moved to dismiss the complaint, alleging, inter alia, that Ralph Reynolds, an agent of ILC and a defunct ATM-servicing entity called Credit Card Center, approached Murrish at her store in Oregon and fraudulently induced her to enter into the agreement. By affidavit attached to her motion, Murrish stated that Reynolds had told her that the forum-selection clause only applied to lawsuits relating to damage to the ATM. Murrish claimed that this fraud provided adequate grounds for invalidating the forum-selection clause.
{¶ 5} In two interrelated assignments of error, ILC contends that the trial court erred in granting the motion to dismiss and in overruling its motion for summary judgment on a breach-of-contract claim.
{¶ 6} It is well established that a forum-selection clause in an arm's-length commercial transaction between two businesses is valid and should be upheld, so long as enforcement does not deprive the litigants of their day in court. See Kennecorp Mtge. Brokers, Inc. v. Country ClubConvalescent Hosp., Inc., 66 Ohio St.3d 173, 174, 1993-Ohio-203,610 N.E.2d 987; see, also, Information Leasing Corp. v. Baxter, 1st Dist. No. C-020029, 2002-Ohio-3930, at ¶ 12. A commercial entity's assent to a forum-selection clause can confer personal jurisdiction over the entity in the courts of Ohio. See id. But the forum-selection clause is only enforceable "[a]bsent evidence of fraud or overreaching."Kennecorp Mtge. Brokers, Inc. v. Country Club Convalescent Hosp., Inc., at syllabus. Here, as the trial court noted, it was unrebutted that Reynolds had fraudulently represented to Murrish that the forum-selection clause applied only to actions for damage to the ATM, when by its own terms the clause applied to the entire contract.
{¶ 7} ILC counters by arguing that whatever representations Reynolds made were irrelevant, as the contract contained an integration clause providing that all the terms of the agreement were to be found in the pages of the contract. This argument must fail as the fraud related directly to the acceptance of the forum-selection clause itself, and not just to the contract generally. See Galmish v. Cicchini, 90 Ohio St.3d 22,27-28, 2000-Ohio-7, 734 N.E.2d 782. Where, as here, the fraud or misrepresentation induces the party opposing a forum-selection clause to agree to inclusion of that clause in the contract, the claim of fraud may affect the validity of the entire agreement. See id.; see, also, FourSeasons Ent. v. Tommel Fin. Serv., Inc. (Nov. 9, 2000), 8th Dist. No. 77248. The first assignment of error is overruled.
{¶ 8} The unrebutted evidence of fraudulent inducement by ILC's agent, when viewed in a light most favorable to Murrish, the party opposing the motion for summary judgment, created a genuine issue of material fact as to the validity of her assent to the terms of the agreement, thus precluding the resolution of the breach-of-contract claim by summary judgment. See Civ.R. 56(C). The second assignment of error is overruled.
{¶ 9} Therefore, the judgment of the trial court is affirmed.
{¶ 10} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Sundermann, JJ.
[1] Murrish's counterclaim and third-party complaint were dismissed on August 8, 2002, and were transmitted to this court by supplemental praecipe on August 15, 2002.