**Barrett v. Picker International, Inc.**
*[Cite as 7 AOA 261]*

*Case No. 57461*
*Cuyahoga County, (8th)*
*Decided October 11, 1990*

*Mark B. Cohn and Richard A. Wise, McCarthy, Lebit, Crystal & Haiman Co., L.P.A., 55 Public Square, Suite 900, Cleveland, Ohio 44113, for Plaintiff-Appellants.*

*Bruce J. L. Lowe and Anthony J. LaCerva, Calfee, Halter & Griswold, 1800 Society Building, Cleveland, Ohio 44113, for Defendant-Appellees.*

KRUPANSKY, P.J.

Plaintiffs David Barrett, Donald Thorburn and Gunter Wilkens filed a complaint April 5, 1988 in Cuyahoga County Common Pleas Court, Case No. 147463, demanding their respective accrued retirement benefits under the terms of the 1968 Picker Corporation Profit Sharing Trust Plan ("Trust Plan") from defendant Manufacturers Hanover Trust Company as trustee for defendant Picker International, Inc., plaintiffs' ex-employer.

The complaint alleged plaintiffs, now of retirement age, who had been provided for in the employer funded, non-contributory Picker Corporation Profit Sharing Trust Plan[1] during their employment had accumulated the following vested benefits, *viz.*:

"(1) David Barrett     $25,057.00
"(2) Donald Thorburn    18,000.00
"(3) Gunter Wilkin      15,000.00"

The plaintiffs admitted all three of them went to work for competitors of Picker within two years of leaving Picker's employment. In so doing, they violated Article VII, Section 8.12 of the Trust Plan which provided an employee forfeited any accrued benefits.

On August 1, 1988, defendants filed with the trial court a joint motion to dismiss pursuant to Civ. R. 12 stating the grounds for dismissal as follows:

"(1) improper venue pursuant to Civ. R. 12(B)(3) since the profit sharing Trust Plan contained a forum selection clause obligating plaintiffs to bring the action in the state of New York; and

"(2) lack of personal jurisdiction pursuant to Civ. R. 12(B) (2) over Manufacturers Hanover Trust Company, a New York corporation."

In the memorandum in support of defendants' joint motion to dismiss, defendants argue Ohio is not a proper forum, since Article XI, Section 11.09, of the profit sharing Trust Plan attached to defendants' memorandum provides plaintiffs were required to bring the action in New York State. Defendants contend Section 11.09 provides the "Trust Plan" must be "construed according to the laws of the state of New York, where it is made and where it shall be enforced." Defendants additionally argue that Ohio lacks personal jurisdiction over Manufacturers Hanover Trust Company, which is a New York corporation with no minimum contacts in Ohio.

Plaintiffs filed a memorandum opposing defendants' joint motion to dismiss. On February 27, 1989, the trial court granted defendants' motion to "Enforce Forum Selection Clause and Motion to Dismiss Without Prejudice." Plaintiffs filed a timely notice of appeal.

Plaintiffs' first assignment of error follows: "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ENFORCING THE FORUM SELECTION CLAUSE IN PICKER'S RETIREMENT PLAN."

Plaintiffs' first assignment of error lacks merit.

Plaintiffs argue the trial court erred by (1) enforcing the forum selection clause in Picker's Trust Plan and (2) dismissing the present action. Plaintiffs' argument is unpersuasive.

The Picker Corporation Profit Sharing Trust Plan was entered into by Picker and Manufacturers Hanover Trust, trustee. Plaintiffs are therefore, third-party beneficiaries pursuant to the Trust Plan.

Article XI, Section 11.09, of the plan states in its entirety as follows:

"This Trust Plan shall be construed according to the laws of the State of New York, where it is made and where it shall be enforced."

Historically, a forum selection clause in a contract was held *per se* invalid on the ground it attempted to "oust one court of its jurisdiction." See *Clinton v. Janger,* (N.D. Ill. 1984), 583 F. Supp. 284, 288 citing *Nute v. Hamilton Mutual Ins. Co.* (1856), 72 Mass. (6 Gray) 174.

However, since the landmark decision of the United States Supreme Court in *The Bremen v. Zapata Off Shore Co.* (1972), 407 U.S. 1, 9-12 , a forum selection clause is generally valid unless construed to be unreasonable. The Court held in *Bremen* as follows:

"*** that a forum selection clause that is fairly bargained for and not the result of fraud will be enforced so long as to do so is reasonable at the time of litigation and does not deprive a litigant of his day in court."

See *United Std. Mgt. Corp. v. Mahoning Valley Solar Resources, Inc.* (1984), 16 Ohio App. 3d 476, 477-478. The burden of so showing falls upon the party challenging the validity of the clause; in the case *sub judice,* this showing is the plaintiffs' burden. *Id.*; *Bremen, supra.*

*Bremen* announced a general rule that a forum selection clause is presumptively valid and will be enforced by the forum unless the party who challenges it establishes their heavy burden of proof, *viz:*

(1) that the contract was the result of fraud or overreaching;

(2) that enforcement would violate the strong public policy of the forum state, i.e., in this case, Ohio; and

(3) that enforcement under the particular circumstances of the case would result in litigation in a jurisdiction so unreasonable, difficult and inconvenient that plaintiff would for all "practical purposes be deprived of his day in court." *Bremen, supra.*

To fairly analyze whether the forum selection clause included in the Trust Plan that the employees were to benefit from was enforceable under the test in *Bremen,* it is incumbent upon this court to apply the test to the facts of the case *sub judice.*

Since plaintiffs do not claim the Trust Plan was the result of fraud or overreaching it is unnecessary to consider the first prong of the test.

The second prong of the test in *Bremen* necessarily requires an analysis inquiring whether the enforcement of said clause would violate any strong public policy of the state of Ohio. This prong must fail for the reason that Ohio has virtually *no interest* in the contract or parties in question. In the case *sub judice,* the contract was negotiated between two New York corporations. The choice of laws provision included in the contract provided New York law was to apply. Undeniably the state of Ohio has an interest in providing a local forum for its residents, however, none of the plaintiffs reside in Ohio. *Rini Wine Co. v. Guild Wineries and Distilleries,* (N.D. Ohio 1985), 604 F. Supp. 1055, 1057. Assume *arguendo,* Ohio had an interest in providing their residents with a friendly forum, the plaintiffs must prove Ohio's interest was *so substantial* as to defeat a valid contractual clause. *Rini Wine, supra; Bill Swad Leasing Co. v. General Electric Credit Corp.* (Oct. 3, 1985), Franklin App. No. 85 AP-208, unreported. Since plaintiffs are nonresidents, this proof would be difficult if not impossible to prove.

The third prong of the test in *Bremen* mandates an inquiry into the reasonability in the specific factual situation of applying the forum selection clause to these particular plaintiffs. To decide the reasonability issue we are persuaded by the factors set forth in *Clinton, supra,* as guidelines which follow:

(1) which law controls the contractual dispute;

(2) what residency do the parties maintain;

(3) where will the contract be executed;

(4) where are the witnesses and parties to the litigation located; and

(5) whether the forum's designated location is inconvenient to the parties. *Clinton, supra* citing *Furbee v. Vantage Press Inc.* (D.C. Cir. 1972), 464 F.2d 835, 837.

The first factor analyzed reveals New York law controls the Trust Plan pursuant to a choice of laws clause. These choices of laws clauses have been held valid by the Ohio Supreme Court if reasonable and fair. See *Jarvis v. Ashland Oil Inc.* (1985), 17 Ohio St. 3d 189; *Schulke v. Radio Productions, Ltd, v. Midwestern Broadcasting Co.* (1983), 6 Ohio St. 3d 436.

The second and fourth relevant factors which inquire into the residency and location of the parties and witnesses finds all three plaintiffs now reside outside Ohio and have done so since 1969.[2] Plaintiffs, as their complaint indicates, all reside outside Ohio as of the filing date, 1988; Barrett resided in Wisconsin, Thorburn in Florida and Wilkins in West Germany. The witnesses to be called besides plaintiffs necessarily would be either Picker or Manufacturers Hanover representatives. Since both corporations are incorporated in New York the choice of this jurisdiction seems to offer an advantage to the parties.

Pursuant to the third relevant factor, the contract or Trust Plan was executed in the State of New York and the Trust Plan would be administered and all obligations performed in New York with trust funds dispersed to recipients from the New York offices of the trustee, Manufacturers Hanover.

Lastly, the most striking factor to be applied is the fifth prong of the test which assesses the convenience or inconvenience for the plaintiffs of litigating in the New York forum. Considering the diverse location of plaintiffs' residences, all outside Ohio and one even in a foreign country, it seems the New York state forum is certainly reasonable and not fraught with any measure of disadvantage for plaintiffs in the case *sub judice.*

Therefore, applying the above criteria the forum selection clause in the Trust Plan was reasonable under all five prongs of the test and did not violate either substantial Ohio public policy concerns or deprive plaintiffs of their day in court. The trial court properly held enforcement of the forum selection clause was valid and, hence, New York is the proper forum.[3]

Plaintiffs argue that since they did not "fairly bargain for" the terms of the Trust Plan, they should not be bound by the forum selection clause. See *Bremen, supra.* Plaintiffs, as third-party beneficiaries, do however seek to benefit from all the other trust terms.

It is axiomatic that choice of law and choice of forum clauses in contracts promote stable and dependable contractual and trade relations. *Bremen, supra.* Furthermore, in relation to plaintiffs argument that as third-party beneficiaries they should not be bound by the forum selection clause, the holding in *Coastal Steel v. Tilghman Wheelabrator Ltd.* (1983), 700 F.2d 199, 203, is highly persuasive when stating its reluctance to introduce any exception to enforcement of forum selection clauses as follows:

"Introducing into the common law of enforceability of forum selection clauses a third-party beneficiary exception would be inconsistent with that rationale. It would, moreover, be inconsistent with the law of contracts, which has long recognized that third-party beneficiary status does not permit the avoidance of contractual provisions otherwise enforceable." (Citations omitted).

Therefore, plaintiffs' status as third-party beneficiaries cannot be used as both a sword to reap the benefits of the Trust Plan and a shield to protect them from enforcement of the forum selection clause.

Lastly plaintiffs' reliance on the Eighth District court of appeals case of *Green v. Picker Corp.* (Mar. 29, 1979) Cuyahoga App. No. 38621, unreported, is entirely inapposite and distinguishable from the facts in the case *sub judice.* The court in *Green* determined as follows:

"In the instant case it is unreasonable to require appellant, whose financial resources are far less than those of Picker Corporation to bring this action in New York when he worked for the corporation in Ohio, and the parties to the lawsuit, appellant, the corporation, and the five members of the Retirement Income Plan Committee are all Ohio residents, subject to the jurisdiction of Ohio courts."

In light of the above analysis, since plaintiffs all reside outside Ohio and are unable to indicate any unreasonableness or hardship whatsoever in litigating the Trust Plan in the New York forum as designated by the Trust Plan, and since plaintiffs will not be deprived of their day in court, the venue selection clause

controls and plaintiffs must litigate their cause of action in New York.

Accordingly plaintiffs first assignment of error is not well taken and overruled.

Plaintiffs' second assignment of error follows:

## "II. NOT ONLY DID THE TRIAL COURT COMMIT PREJUDICIAL ERROR BY ENFORCING THE FORUM SELECTION CLAUSE, IT ALSO COMMITTED PREJUDICIAL ERROR BY DISMISSING THE PRESENT ACTION."

Plaintiffs argue the trial court erred in dismissing the action since the defense of improper venue is never a ground for the dismissal of a lawsuit. Plaintiffs contend the trial court should have stayed the proceedings pending refiling in the proper forum. Plaintiffs' argument is persuasive.

Civ.R. 3(D) provides as follows:

"When a court, upon motion of any party or upon its own motion, determines: (1) that the county in which the action is brought is not a proper forum; (2) that there is no other proper forum for trial within this state; and (3) that there exists a proper forum for trial in another jurisdiction outside this state, the court shall stay the action upon condition that all defendants consent to the jurisdiction, waive venue, and agree that the date of commencement of the action in Ohio shall be the date of commencement for the application of the statute of limitations to the action in that forum in another jurisdiction which the court deems to be the proper forum. If all defendants agree to the conditions, the court shall not dismiss the action, but the action shall be stayed until the court receives notice by affidavit that plaintiff has recommenced the action in the out-of-state forum within sixty days after the effective date of the order staying the original action. If the plaintiff fails to recommence the action in the out-of-state forum within the sixty day period, the court shall dismiss the action without prejudice. If all defendants do not agree to or comply with the conditions, the court shall hear the action."

The trial court, thus, with the agreement of all defendants, had the option of staying the instant action to give plaintiffs time within which to recommence in a proper forum. Hence, pursuant to Civ. R. 3(D), the trial court erred in dismissing the case *sub judice.* Accord

*Romanchik v. Lucak* (1988), 44 Ohio App. 3d 215; *Price v. Wheeling Dollar Savings* (1983), 9 Ohio App. 3d 315. This cause will be remanded with instructions to the trial court to institute a sixty-day stay pursuant to Civ. R. 3 (D), in order that plaintiffs may refile this action in the proper forum.

Accordingly, plaintiffs' second assignment of error is well taken and sustained.

Plaintiffs' third assignment of error follows: "THE TRIAL COURT COMMITTED PREJU-DICIAL ERROR BY DISMISSING THE PRESENT ACTION BECAUSE MANUFAC-TURERS HANOVER TRUST COMPANY IS NOT AN INDISPENSABLE PARTY AND THE TRIAL COURT HAS PERSONAL JU-RISDICTION OVER MANUFACTURERS HANOVER TRUST COMPANY."

Plaintiffs' third assignment of error is worthy of discussion.

Plaintiffs argue the trial court has personal jurisdiction over defendant Manufacturers Hanover Trust Company and even if the court did not, defendant is not an indispensable party to the present action. Although our resolution of the first assignment of error negates the need for determining jurisdiction of the Ohio court over Manufacturer's Hanover, the Ohio forum nevertheless, has personal jurisdiction. Plaintiffs' argument is persuasive but does not affect the resolution of the case *sub judice.*

The Ohio Supreme Court stated in *Anilas, Inc. v. Kern* (1986), 28 Ohio St. 3d 165, 166, as follows:

"In determining whether a state court may properly exercise personal jurisdiction over an out-of-state defendant, the primary question is whether the defendant purposefully established minimum contacts" with the forum state, *International Shoe Co. v. Washington* (1945), 326 U.S. 310, at 316, and "purposefully avail(ed) itself of the privilege of conducting activities within the forum state." *Hanson v. Denckla* (1958), 357 U.S. 235, 253. "This 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, *** or of the 'unilateral activity of another party or a third person[.]'" *Burger King Corp. v. Rudzewicz* (1985), 471 U.S. 462, 471-472.] (Citations omitted.)

Plaintiffs established Manufacturers Hanover Trust the trustee for the Picker retirement plan. As trustee it was required to perform numerous functions over many decades associated with servicing the retirement plan and disbursing benefit money to Ohio employees from the trust: for all these services defendant Manufacturers Hanover would, no doubt, be paid by defendant Picker. Plaintiffs attached to their memorandum in opposition to defendants' joint motion to dismiss for lack of personal jurisdiction a letter from the Ohio Superintendent of Banks certifying Manufacturers Hanover Trust Company is licensed to exercise trust powers in Ohio for the year from March 20, 1988 to 1989 pursuant to R.C. 1109.18. Moreover, Manufacturers Hanover had maintained a long-term trusteeship since 1961 with Picker and its employees.

A license to do business in Ohio is *per se* sufficient evidence upon which to conclude defendant had the necessary minimum contacts and purposeful availment of our Ohio forum to subject it to personal jurisdiction in Ohio. See *Price, supra;* R.C. 1109.17 to 1109.19. Concomitantly, R.C. 1109.18 which deals with foreign corporations seeking to do trust business in Ohio requires such corporation appoint a statutory agent upon which process may be served. A corporation expressly consents to an Ohio court's exercise of in personam jurisdiction if pursuant to statute such agent is appointed on their behalf. Klein, Browne, Murtaugh, Baldwin's Ohio Civil Practice (1988), Text 3.03, pg. 37. Furthermore, it is logical to assume any trust company seeking administrative business in Ohio reasonably is on notice it may be open to judicial scrutiny within the state.

Pursuant to Civ. R. 19 (A), Manufacturers Hanover Trust is a necessary party. It is unnecessary to undertake an analysis of their indispensability for dismissal purposes under Civ. R. 19(B) since joinder is feasible and Ohio has personal jurisdiction over Manufacturers Hanover.

Accordingly, plaintiffs' third assignment of error is mooted by our holding in assignment of error number one.

For the foregoing reasons, the trial court decision enforcing the forum selection clause in the Trust Plan is affirmed. The trial court's action dismissing the within cause without prejudice is reversed and remanded with instructions for the trial court to stay the action with the agreement of all defendants. The plaintiff may recommence the action in the New York forum and then notify the Cuyahoga County Common Pleas court within sixty days pursuant to Civ. R. 3(D) or face dismissal.

Judgment affirmed in part, reversed in part and remanded for action consistent with the foregoing opinion.

NAHRA, J., and VICTOR, J., concur.

Judge William H. Victor, Retired, Ninth Appellate District, sitting by assignment.

---

[1] The corporate profit sharing trust plan was established December 26, 1952 and amended from time to time. Effective January 1, 1968, Manufacturers Hanover Trust became the successor trustee employed to administer the Picker trust plan to all employees.

[2] The letter from plaintiffs to Mr. Steven Zysman attached to the defendants' joint motion in the trial court to enforce the forum selection clause dated Jan. 23, 1969 indicated Barrett and Wilkins lived in Massachusetts and Thorburn lived in New Jersey.

[3] On January 23, 1969 plaintiffs wrote a letter to defendant Picker addressed to Mr. Steven Zysman, Treasurer, informing defendant they had retained a New York firm of attorneys to assist them in recovering funds due them from Picker and the Trust Plan. Plaintiffs did not sue in New York in 1969, however, plaintiffs waited until April 5, 1988 to file this action in Ohio via Cuyahoga County Court of Common Pleas. Plaintiffs candidly admit to forum shopping in their briefs since they state New York law recognizes the validity of forfeiture and non-competition clauses in profit-sharing and pension plans. Plaintiffs are also acutely aware of *Snarr v. Picker Corp.* (Aug. 15, 1985) Cuyahoga App. No. 48893, 48925, unreported, cited in their brief concerning a favorable decision from this court on the Trust Plan forfeiture clause in a distinguishable fact situation.