**TOKIO MARINE AND FIRE INSURANCE COMPANY, LTD., Plaintiff—Appellant,**

v.

**NIPPON EXPRESS U.S.A., INC.; Nippon Express Company, Ltd.; International Transportation Services, Inc., a California Corporation, Defendants—Appellees.**

No. 00–57212.

D.C. No. CV–99–11981–CAS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 9, 2002.

Decided Aug. 28, 2002.

Before REINHARDT, LEAVY, and TROTT, Circuit Judges.

### MEMORANDUM *

Tokio Marine and Fire Insurance Company ("Tokio Marine") appeals the district court's summary judgment limiting Tokio Marine's relief to $16,500 under Section 4(5) of the Carriage of Goods by Sea Act ("COGSA").[1] Tokio Marine argues that the district court erred when it determined that the 33 skids listed on the K–Line bill of lading were COGSA packages rather than the 177 pieces also found on the bill of lading. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review de novo the district court's definition of "package" under COGSA. *Van der Salm Bulb Farms Inc. v. Hapag Lloyd, AG*, 818 F.2d 699, 701 (9th Cir.1987) (per curiam). We affirm.

Tokio Marine contends that the K–Line bill of lading in the stipulated agreement is ambiguous and must be read in its favor, thus rendering the 177 pieces COGSA packages. We disagree; the bill of lading is not ambiguous. The 33 skids, as described by the parties and seen in the photographs, fit within a plain and ordinary definition of "package." *See Travelers Indem. Co. v. Vessel Sam Houston*, 26 F.3d 895, 901–02 (9th Cir.1994) (noting that unless the number of packages listed in the number of packages column cannot qualify as packages, the number listed is

the number of COGSA packages). Moreover, the K–Line bill of lading designated 33 skids in the "Number of Packages" column and had so designated skids and pallets in the K–Line bills of lading presented to the district court. That designation provides the requisite evidence that 33 COGSA packages were shipped. *See Nemeth v. Gen. S.S. Corp.*, 694 F.2d 609, 613–14 (9th Cir.1982) (stating household goods packed in three crates constituted three COGSA packages when "the bill of lading clearly reflected a shipment of three packages," even though there were numerous individually wrapped smaller parcels inside the crates). Therefore, the district court correctly determined that there were 33 COGSA packages shipped and limited Tokio Marine's relief accordingly.

AFFIRMED.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Section 4(5) of COGSA, 46 U.S.C. app. § 1304(5), states:

Neither the carrier nor the ship shall in any event be or become liable for any loss or damage to or in connection with the transportation of goods in an amount exceeding $500 per package.