BOHL et al., Appellants,

v.

HAUKE;  American Building Components, Inc., Appellee.

[Cite as *Bohl v. Hauke,* 180 Ohio App.3d 526, 2009-Ohio-150.]

Court of Appeals of Ohio,
Fourth District, Highland County.

No.  08CA10.

Decided Jan. 12, 2009.

Cassity Law Offices and Michael E. Cassity, for appellants.

Dinsmore & Shohl L.L.P., Mark C. Bissinger, and Andrew R. Kwiatkowski, for appellee.

FRENCH, Judge.

{¶ 1} Plaintiffs-appellants, Donald and Shirley Bohl, appeal from a judgment of the Highland County Court of Common Pleas, which granted the motion of defendant-appellee, American Building Components, Inc. ("ABC"),[1] to dismiss the

---

1. In its brief, ABC notes that the Bohls improperly named it as American Building Components, Inc., in this lawsuit. Its proper name is NCI Group, Inc., d.b.a. American Building Components.

Bohls' claims against ABC for lack of personal jurisdiction. For the following reasons, we affirm.

{¶ 2} On June 23, 1998, the Bohls entered into a contract with Doug Hauke, owner of A-1 Building Company. Hauke agreed to provide materials for and to construct a dairy barn on the Bohls' property in Highland County, Ohio. Hauke purchased the materials for the roof from ABC, a Texas corporation that the Bohls claim is authorized to do business in Ohio. According to the Bohls, the initial material list for the project stated that Hauke would construct the roof with 29-gauge galvalume steel. They claim that Hauke told ABC that he was constructing a dairy barn, and ABC advised him not to use 29-gauge galvalume steel because of the corrosive atmosphere caused by cattle waste. The Bohls further claim that on ABC's recommendation, Hauke instead purchased painted galvanized steel panels for the roof. The Bohls also assert that ABC recommended the particular type of roof fasteners Hauke used on their dairy barn.

{¶ 3} ABC gave Hauke a 20-year limited written warranty for the steel panels. The warranty excludes coverage for steel panels exposed to corrosive or aggressive atmospheres, including those contaminated with animal waste. It also excludes deterioration caused directly or indirectly by the use of inferior fasteners on the panels. The warranty contains a clause preventing assignment or transfer of the warranty. It also provides that ABC makes no other warranties, express or implied, beyond those set forth in the 20-year limited-warranty document. Finally, the warranty contains a forum-selection clause, which provides: "The laws of the State of Texas shall govern the rights and duties of the parties under this agreement and jurisdiction and venue is fixed in Harris County, Texas."

{¶ 4} The Bohls claim that Hauke told them about the warranty prior to installation of the steel panels. He did not tell them about the disclaimers at that time, however, even though he had the written warranty in his possession. The Bohls further claim that Hauke gave them the written warranty after he installed the roof.

{¶ 5} Approximately four years after Hauke completed construction on the barn, the Bohls claim that they discovered corrosion problems with the roof. They attribute the corrosion to a combination of Hauke's use of improper fasteners on the roof and the corrosive environment created by waste from their dairy cattle. They claim that the roof has deteriorated to the point that it must be replaced. When they sought a replacement roof under the warranty, ABC denied their claim.

{¶ 6} The Bohls filed suit against Hauke for breach of contract and breach of warranties. They later amended their complaint to add ABC as a defendant. The Bohls asserted the following four causes of action against ABC: (1) ABC

assumed a duty to provide the Bohls with a roof and fasteners suitable for a dairy barn and negligently, recklessly, or intentionally breached that duty; (2) ABC breached its duty of good faith and fair dealing; (3) ABC breached the 20–year limited warranty for the steel panels; and (4) ABC breached express and implied warranties under the Ohio Revised Code.

{¶ 7} ABC filed a motion to dismiss for lack of personal jurisdiction based on the forum-selection clause in the written warranty. Once the Bohls filed their memorandum in opposition and ABC replied, the court heard oral arguments of counsel. The court did not make a transcript of the oral arguments. After reviewing the briefs and considering the oral arguments, the trial court issued a decision granting ABC's motion to dismiss. The Bohls filed a motion for clarification of the trial court's decision. In it, they asked the court to declare that its decision dismissed only their cause of action for breach of the 20–year limited warranty and not their three other causes of action against ABC. The court denied their motion. In the dismissal entry, the trial court dismissed all the claims against ABC without prejudice. Subsequently, the Bohls voluntarily dismissed their claims against Hauke without prejudice.

{¶ 8} The Bohls timely appeal the trial court's dismissal of their claims against ABC and assign two errors for our review:

The trial court erred in dismissing plaintiffs/appellants' complaint, in toto, against appellee, ABC, when the dismissal decision only addresses one of four causes of action against the appellee.

The trial court erred in enforcing a forum selection clause which was unreasonable and unjust and which was not fairly bargained for, against persons who were not privy to the contract in which the forum selection clause existed.

{¶ 9} Our review of the trial court's decision granting ABC's motion to dismiss is de novo. *Robinson v. Tambi,* Hocking App. No. 03CA17, 2004-Ohio-2823, 2004 WL 1202741, ¶ 11. For purposes of that review, we consider and clarify the nature of the question before us.

{¶ 10} At the trial level, ABC titled its motion to dismiss as one for "Lack of Personal Jurisdiction." Personal jurisdiction is "the power of a court to enter a valid judgment against an individual." *In re Shepard* (Mar. 26, 2001), Highland App. No. 00CA12, 2001 WL 802209, *4, fn. 1, citing *Meadows v. Meadows* (1992), 73 Ohio App.3d 316, 596 N.E.2d 1146. An Ohio court has personal jurisdiction over a foreign corporation if the state's long-arm statute and applicable civil rule confer it and the court's exercise of jurisdiction would not "deprive the defendant of the right to due process of law pursuant to the Fourteenth Amendment to the United States Constitution." *U.S. Sprint Com-*

*munications Co. Ltd. Partnership v. Mr. K's Foods, Inc.* (1994), 68 Ohio St.3d 181, 183–184, 624 N.E.2d 1048.

{¶ 11} ABC does not challenge the courts jurisdiction under these principles, but instead focuses on the forum-selection clause. Parties to a contract cannot oust a court of jurisdiction by agreement. Restatement of the Law 2d, Conflict of Laws (1971) 244, Section 80. However, the court, in its discretion, should refuse to hear the action and give effect to such an agreement unless it is unfair or unreasonable. Id.; see *M/S Bremen v. Zapata Off-Shore Co.* (1972), 407 U.S. 1, 12, 92 S.Ct. 1907, 32 L.Ed.2d 513 ("No one seriously contends in this case that the forum selection clause 'ousted' the District Court of jurisdiction over [this] action. The threshold question is whether that court should have exercised its jurisdiction to do more than give effect to the legitimate expectations of the parties, manifested in their freely negotiated agreement, by specifically enforcing the forum clause"). As the forum-selection clause in ABC's warranty could not deprive the trial court of personal jurisdiction, ABC's motion to dismiss for lack of personal jurisdiction is more properly viewed as a request for the court to specifically enforce the forum selection by dismissing the Bohls' claims against ABC.

{¶ 12} For ease of discussion, we address the Bohls' assignments of error out of order. In their second assignment, the Bohls challenge the enforceability of the forum-selection clause as it pertains to their claim against ABC based on the 20–year written warranty that contains the clause.

{¶ 13} In a commercial contract, a forum-selection clause is prima facie valid as long as the parties freely bargained for it. *Kennecorp Mtge. Brokers, Inc. v. Country Club Convalescent Hosp., Inc.* (1993), 66 Ohio St.3d 173, 175, 610 N.E.2d 987, citing *M/S Bremen,* 407 U.S. at 16, 92 S.Ct. 1907, 32 L.Ed.2d 513. Absent evidence of fraud or overreaching, a court should enforce the clause "unless it can be clearly shown that enforcement of the clause would be unreasonable and unjust." Id. at 176, 610 N.E.2d 987.

{¶ 14} Although the Bohls do not challenge the commercial nature of the transaction in this case, they argue that the warranty is not a contract because no one negotiated its terms with ABC. They characterize the warranty as a "unilateral promise" by ABC to them to "repaint, replace or restore failed material under certain conditions." The Bohls provide no legal support for their position, however.

{¶ 15} A contract is not invalid simply because the parties used a standardized form prepared by only one party. See, e.g., *Taylor Bldg. Corp. of Am. v. Benfield,* 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, ¶ 49–50. Even when the party accepting the form is weaker and has no realistic choice as

to the terms (i.e., an adhesion contract), the contract is not per se unconscionable. Id. Therefore, we reject the Bohls' argument that the 20–year written warranty is not a contract. But even if we were to accept their argument that the warranty somehow constituted a legally enforceable "unilateral promise," the Bohls fail to explain why they could enforce one portion of this promise (requiring replacement materials) while avoiding another portion (requiring that suits be filed in Harris County, Texas). See, e.g., *Barrett v. Picker Internatl., Inc.* (1990), 68 Ohio App.3d 820, 826, 589 N.E.2d 1372.

{¶ 16} The Bohls appear to argue that even if the warranty constitutes a contract, the forum-selection clause did not result from a free bargaining process. Specifically, they contend that the clause cannot be enforced because no one negotiated it with ABC. We presume that the Bohls base their argument on the fact that the forum-selection clause is part of the two-page, standardized form prepared by ABC. The fact that an agreement is embodied in a boilerplate form, however, does not automatically defeat the validity of a forum-selection clause. *Rini Wine Co. v. Guild Wineries & Distilleries* (N.D.Ohio 1985), 604 F.Supp. 1055, 1058. The "true inquiry in examining whether a choice of forum clause is enforceable should not be the formal appearance of the contract but whether the party claiming the clauses invalidity was aware of the provision, could have objected at the time, and had the means of doing so." Id. Here, we reject the Bohls' contention that the forum-selection clause could not be freely bargained for simply because it appeared in a standardized contract.

{¶ 17} The Bohls also argue that if the warranty is a contract, they were not parties to it, so the forum-selection clause cannot be enforced against them. Yet, the Bohls seek to use other provisions of the warranty against ABC. As nonparties to the contract, the Bohls must provide some legal basis for their right to enforce the warranty provisions. They fail to do so explicitly. In their amended complaint, the Bohls argue that ABC breached a warranty that was for their benefit. Therefore, it appears that the Bohls believe that they are entitled to enforce the warranty based on their claimed status as third-party beneficiaries.

{¶ 18} In *Barrett,* the third-party beneficiaries of a trust argued that they were not bound by a forum-selection clause because they did not "fairly bargain for" the trust terms. The court rejected their argument. The court stated that "[i]t is axiomatic that * * * choice of forum clauses in contracts promote stable and dependable contractual and trade relations." *Barrett,* 68 Ohio App.3d at 826, 589 N.E.2d 1372. Allowing a third-party beneficiary to avoid an otherwise enforceable contract provision would be inconsistent with contract law. See id. Therefore, the court found that the "plaintiffs' status as third-party beneficiaries [could not] be used as both a sword to reap the benefits of the Trust Plan and a shield to protect them from enforcement of the forum selection clause." Id.

{¶ 19} Like the plaintiffs in *Barrett,* the Bohls seek to selectively enforce provisions of a contract as third-party beneficiaries. They cannot use this status to reap the benefits of the warranty and also to protect themselves from enforcement of the forum-selection clause. So long as the forum-selection clause is otherwise enforceable, the Bohls cannot avoid it.

{¶ 20} The Bohls also appear to argue that the forum-selection clause is not mandatory. First, they note that the clause does not specifically state that "*all* laws pertaining to the agreement shall be governed by the laws of Texas." As this argument is aimed toward the choice-of-law provision in the warranty, and not the forum-selection clause, we do not address it here. The Bohls also note that the forum-selection clause does not state that it governs "*any* disputes and controversies between the parties arising out of the agreement." Ohio courts do distinguish between mandatory and permissive forum-selection clauses. *Patel v. Patel,* Franklin App. No. 06AP–1260, 2007-Ohio-5963, 2007 WL 3293379, ¶ 13. However, the Bohls cite no authority that would require this specific language. Rather, to be mandatory, a forum-selection clause "must clearly display the intent of the contracting parties to choose a particular forum to the exclusion of all other." Id. at ¶ 14, quoting *Arguss Communications Group, Inc. v. Teletron* (Nov. 19, 1999), D.N.H. No. 99–257–JD, 2000 WL 36936. Here, the clause states that jurisdiction and venue are *fixed* in Harris County, Texas. Given these words of exclusivity, we conclude that the forum-selection clause is mandatory.

{¶ 21} The Bohls also assert that the forum-selection clause is not enforceable because ABC obtained it by fraud, duress, abuse of economic power, or other unconscionable means. Specifically, the Bohls claim that ABC recommends products for use when it knows the warranty does not cover those products. The Bohls further claim that ABC gives contractors warranties with nonassignment clauses when it knows the contractor is not the end user. And, the Bohls argue, ABC then purposely couples the nonassignment clause with the forum-selection clause to insulate itself from consumer claims.

{¶ 22} To invalidate a forum-selection clause, alleged wrongdoing "must relate directly to the negotiation or acceptance of the forum selection clause itself, and not just to the contract generally." See *Four Seasons Ents. v. Tommel Fin. Servs., Inc.* (Nov. 9, 2000), Cuyahoga App. No. 77248, 2000 WL 1679456, at *2. Here, the Bohls' arguments that ABC engaged in wrongdoing relate to the contract generally, not to the forum-selection clause. There is no evidence that Hauke agreed to the clause itself due to ABC's fraud or other improper acts. While ABC's customers may find it inconvenient to litigate in Texas, the forum-selection clause itself does not insulate ABC from claims brought in the proper forum.

{¶ 23} We note that the Bohls generally argue that it would be unreasonable to enforce the forum-selection clause under the circumstances of this case. "A finding of unreasonableness or injustice must, however, be based on more than inconvenience to the party seeking to avoid the forum-selection clause's requirements." *Information Leasing Corp. v. Jaskot,* 151 Ohio App.3d 546, 2003-Ohio-566, 784 N.E.2d 1192, ¶ 19. Instead, it must appear that enforcement of the clause would be " 'manifestly and gravely inconvenient' to the party seeking to avoid enforcement such that it 'will be effectively deprived of a meaningful day in court.' " Id. at ¶ 20, quoting *M/S Bremen,* 407 U.S. at 19, 92 S.Ct. 1907, 32 L.Ed.2d 513. The Bohls, who operate their dairy barn in Ohio, might find Texas an inconvenient location to litigate this dispute. However, they provided no evidence that litigation in Texas, rather than in Ohio, would be so manifestly or gravely inconvenient as to deny them a meaningful day in court.

{¶ 24} Having determined that the written warranty contained a valid forum-selection clause that is applicable to the Bohls, we conclude that the trial court appropriately dismissed the Bohls' claim for breach of the written warranty. Accordingly, we overrule the Bohls' second assignment of error.

{¶ 25} In their first assignment of error, the Bohls assert that even if the trial court properly dismissed their claim for breach of the written warranty, the court erred by dismissing their other claims against ABC. Specifically, the Bohls assert that their other claims are not based on the written warranty. Therefore, the forum-selection clause does not preclude the trial court from hearing those claims, and the trial court had no basis for dismissing them.

{¶ 26} "If forum selection clauses are to be enforced as a matter of public policy, that same public policy requires that they not be defeated by artful pleading of claims." *Travelers Property Cas. Co. of Am. v. Centimark Corp.* (May 3, 2005), S.D. Ohio No. 2:04–CV–0916, 2005 WL 1038842 at *2, quoting *Terra Internatl., Inc. v. Mississippi Chem. Corp.* (N.D.Iowa 1996), 922 F.Supp. 1334, 1379. Therefore, "even where a forum selection clause does not explicitly govern a given cause of action, courts will inquire into whether the other claims are sufficiently related to the claim that is specifically covered by the clause." Id.

{¶ 27} In this case, the Bohls make three claims against ABC in addition to their claim for breach of the written warranty. They assert a tort claim based on ABC's alleged breach of a duty to provide them "with a roof and fasteners suitable for use on a dairy barn." The Bohls also claim that ABC breached express and implied warranties that the steel panels would not corrode if used on a dairy barn and the fasteners would not corrode or hasten corrosion of the steel panels. In addition, the Bohls assert that ABC breached an obligation of "good faith and fair dealing." While the Bohls do not specifically state how ABC

breached such a duty, based on the other statements in their amended complaint, we can only conclude that the Bohls again base their claim on the fact that ABC allegedly provided them with unsuitable materials.

{¶ 28} The forum-selection clause in the warranty covers the performance of the steel panels. All the claims center on the performance of the steel panels, specifically on the fact that the panels corroded because they were exposed to animal waste and secured by improper fasteners. In the warranty, ABC disclaims liability for damage to the panels from such conditions. The warranty states that ABC makes no other warranties, express or implied, with respect to the material. It further states that ABC will not be responsible for any other damages resulting from the failure of the material covered in the warranty. Finally, the warranty limits ABC's liability to the warranty's express terms. Given that enforcement of the warranty provisions would eliminate the Bohls' other claims, those claims are sufficiently related to the written warranty claim such that the forum-selection clause applies to them. Accordingly, the trial court properly dismissed all of the Bohls' claims based on the forum-selection clause, and we overrule the Bohls' first assignment of error.

{¶ 29} Finally, we note that the trial court disposed of the Bohls' claims against ABC by dismissing them without prejudice. Disagreement exists among Ohio courts as to whether the trial court must stay proceedings for 60 days under Civ.R. 3(D) when it enforces a forum-selection clause. Compare *Four Seasons*, Cuyahoga App. No. 77248, 2000 WL 1679456 at *6 (stay required), with *Overhead, Inc. v. Standen Contracting* (Mar. 11, 2002), Lucas App. No. L–01–1397, 2002 WL 398342, *1, fn. 1 (stay not mandated). Because the Bohls never requested a stay or assigned the court's failure to stay the action as an error, however, we do not address this issue.

{¶ 30} In summary, we overrule the Bohls' first and second assignments of error. Thus, we affirm the judgment of the Highland County Common Pleas Court.

Judgment affirmed.

ABELE, P.J., and KLINE, J., concur.

JUDITH L. FRENCH, J., of the Tenth District Court of Appeals, sitting by assignment.