Salinger, Kenneth W., J.
Plaintiff C. White Marine, Inc. (“CWM”) alleges that it is owed $84,940.56 for work on a construction project. Defendant Contech Construction Products, Inc. n/k/a Contech Engineered Solutions, LLC (“Contech”) has moved to dismiss the claims against it, arguing that CWM is bound by contract to bring its claims against Contech in Ohio. The Court concludes that this forum selection clause is enforceable and gives courts in Ohio exclusive jurisdiction over any legal action relating to the contract between Contech and CWM.
The fact that the forum selection clause will have the effect of forcing CWM to press its claims in two different fora — suing Contech in Ohio and the other defendants in Massachusetts — provides no basis under Massachusetts or Ohio law for CWM to escape the effect of its voluntary agreement that it would only sue Contech in Ohio. The Court therefore ALLOWS Contech’s motion to dismiss.
1. Factual Allegations
Contech’s motion to enforce its forum selection clause is a motion to dismiss the claims against it under Mass.R.Civ.P. 12(b)(6) for failure to state any claim upon which relief can be granted by a Massachusetts court. See Melia v. Zenhire, 462 Mass. 164, 165 n.2 (2012).
For the purpose of deciding this motion, the Court assumes that CWM’s allegations and any reasonable inferences that may be drawn from the facts alleged in the complaint are true. See, e.g., Golchin v. Liberty Mut. Ins. Co., 460 Mass. 222, 223 (2011). The Court may also consider undisputed documents that CWM relied upon in framing its complaint, as if they were attached to and incorporated into the complaint, without converting the motion to dismiss into a motion for summary judgment. Id. at 224. The Court has considered the February 2011 contract between Contech and CWM as well as the March 2011 settlement agreement among Contech, the Massachusetts Department of Fish and Game, S&R Corporation, and Camosse Masonry Supply, Inc. CWM’s complaint asserts claims against Contech under both of these contracts.
S&R was the general contractor on a project to repair the State Boat Ramp at Wellfleet Harbor for the Massachusetts Department of Fish and Game. S&R bought concrete blocks for the project from Contech, which hired Camosse to supply those blocks. North American Specialty Insurance Co. (“NAS”) provided a surety bond that guaranteed S&R’s obligations to pay for labor, materials, and equipment used in the project. After the work was completed, the Department raised concerns about the quality, condition, and performance of the concrete blocks. Contech agreed to replace the blocks and hired CWM to do the necessary work.
Contech and CWM entered into a contract on or about February 7, 2011. Contech agreed to pay CWM $44,815, and in exchange CWM agreed to do specified work on the Wellfleet boat ramp. The contract specified that it was subject to, and thus it incorporated, “the attached Contech Purchase Order Terms and Conditions.” Paragraph 17 of those terms and conditions states as follows:
17. GOVERNING LAW. Any agreement arising from this purchase order shall be governed by and construed and enforced in accordance with the laws of the State of Ohio. Buyer and Seller specifically agree that any legal action brought relating to this contract will be brought and tried in the Butler County Court of Common Pleas in Hamilton, Ohio, or, in the absence of jurisdiction, the federal district court in Cincinnati, Ohio.
Contech is an Ohio limited liability company.
Roughly one month later, in early March 2011, Contech entered into a separate Settlement Agreement with the Department of Fish and Game, S&R, and Camosse. In that second contract Contech agreed to retain CWM to do the work already specified in their bilateral contract, and S&R agreed to manage and coordinate CWM’s work. The parties to the Settlement Agreement agreed to pay for CWM’s work under its contract with Contech as follows: S&R agreed to pay $10,000 either directly to CWM or to Contech; Camosse agreed to pay $15,000 either directly to CWM or to Contech; and Contech agreed to pay CWM “the remainder of any costs not paid directly by S&R and Camosse.” The Settlement Agreement says that it “shall be governed by and construed according to the laws of the Commonwealth of Massachusetts.” It does not include a forum selection clause.
As the project progressed, Contech and S&R directed CWM to perform additional work that was outside the scope of its original contract. CWM alleges *632 that the fair value of all the work it performed is $118,640.56, that it was paid only $33,700 for this work, and that it therefore is still owed $84,940.56. CWM brought this lawsuit seeking payment from S&R, its surety NAS, Camosse, and Contech.
The complaint asserts two claims against Contech. Count Four (brought against Contech, S&R, and Camosse) alleges that CWM is an intended third-party beneficiary of the Settlement Agreement and that the alleged failure to pay CWM violates that contract. Count Five (against Contech alone) alleges that Con-tech has breached its bilateral contract with CWM by not paying all sums owed to CWM.
2.Choice of Law as to Forum Selection
The enforceability of a forum selection clause is determined under the law of whichever state governs the parties’ contract. See Melia, 462 Mass. at 168. “As a rule, ‘[wjhere the parties have expressed a specific intent as to the governing law, Massachusetts courts will uphold the parties’ choice as long as the result is not contrary to public policy.” Hodas v. Morin, 442 Mass. 544, 549-50 (2004), quoting Steranko v. Inforex, Inc., 5 Mass.App.Ct. 253, 260 (1977).
The two contracts with Contech contain conflicting choice-of-law provisions. The contract between CWM and Contech provides that it is governed by Ohio law. The Settlement Agreement, which refers to and arguably incorporates Contech’s prior contract with CWM, provides that it is governed by Massachusetts law.
The Court need not resolve this choice-of-law conflict, however, because there appears to be no material difference between Ohio and Massachusetts law with respect to the enforceability of a forum selection clause.
“[U]nder the laws of the state of Ohio, in the absence of fraud or overreaching, forum-selection clauses are valid and enforceable if they are reasonable and just.” Century Business Servs., Inc. v. Barton, 197 Ohio App.3d 352, 365, 967 N.E.2d 782, 782 (Ohio App. 8th Dist. 2011). Ohio law provides that “forum selection clauses in the commercial contract context should be upheld, so long as enforcement does not deprive litigants of their day in court.” Kennecorp Mortgage Brokers, Inc. v. Country Club Convalescent Hosp., Inc., 66 Ohio St.3d 173, 176, 610 N.E.2d 987, 989 (1993).
Similarly, under Massachusetts law “forum selection clauses are to be enforced if it is fair and reasonable to do so.” Jacobson v. Mailboxes Etc. U.S.A., Inc., 419 Mass. 472, 574-75 (1995). “A party resisting the enforcement of a forum selection clause must establish that ‘trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court.’ ” Boland v. George S. May International Co., 81 Mass.App.Ct. 817, 820 (2012), quoting The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 18 (1972).
3.The Forum Selection Clause Gives Ohio Exclusive Jurisdiction
The forum selection clause in CWM’s bilateral contract-with Contech gives state or federal courts in Ohio exclusive jurisdiction over the parties’ dispute. There is no merit to CWM’s argument that the clause is a permissive forum selection provision that gives CWM the option of bringing suit either in Ohio or in Massachusetts. To the contrary, CWM “specifically agree[d]” in this clause “that any legal action brought relating to this contract will be brought and tried in the Butler County Court of Common Pleas in Hamilton, Ohio, or, in the absence of jurisdiction, the federal district court in Cincinnati, Ohio.” The plain language of this provision makes it mandatory, not permissive, because it expressly “indicates] that jurisdiction and venue are appropriate exclusively in the designated forum.” Boland, 81 Mass.App.Ct. at 824, quoting 14D Wright, Miller, & Cooper, Federal Practice and Procedure §3803.1 (3d ed. 1998); accord, e.g., Bohl v. Hauke, 180 Ohio App.3d 526, 534, 906 N.E.2d 450, 456 (Ohio App. 4th Dist. 2009).
Furthermore, because CWM’s claim against Con-tech under the Settlement Agreement “involve[s] the same operative facts” as its claim under the bilateral contract, it should also “be heard in the forum selected by the parties,” i.e. in Ohio, if the forum selection clause is enforceable. See Cambridge Biotech Corp. v. Pasteur Sanofi Diagnostics, 433 Mass. 122, 130 n.7 (2000).
The provision stating that the Settlement Agreement is governed by Massachusetts law does not create any conflict with the forum selection clause in the bilateral contract. The Settlement Agreement does not include any forum selection clause. The mere fact that Contech agreed that its Settlement Agreement with the Department, S&R, and Camosse is governed by Massachusetts law has no bearing on whether the CWM may disregard the provision of its contract that gives courts in Ohio exclusive jurisdiction over its dispute with Contech.
4.The Forum Selection Clause Is Enforceable
When deciding whether a mandatory forum selection clause is enforceable, “courts generally should respect the intentions of the contracting parties.” Boland, 81 Mass.App.Ct. at 820; accord Barrett v. Picker International, Inc., 68 Ohio App.3d 820, 824, 589 N.E.2d 1372, 1375 (Ohio App. 8th Dist. 1990) (“a forum selection clause is presumptively valid”). “The opponent of a forum selection clause bears the ‘substantial burden’ of showing that enforcement of a forum selection clause would be unfair and unreasonable.” Melia, 462 Mass. at 182, quoting Cambridge Biotech Corp., 433 Mass. at 133; accord Original Pizza Pan v. CWC Sports Group, Inc., 194 Ohio App.3d 50, 53, 954 N.E.2d 1220, 1223 (Ohio App. 8th Dist. 2011) (‘The party challenging the forum-selection clause *633 bears a heavy burden of establishing that it should not be enforced”).
Under Massachusetts and Ohio law, enforcement of a forum selection clause is neither unfair nor unreasonable unless it will have the effect of barring the plaintiff from pressing its claim. “[F]or a court to conclude that enforcement of a forum selection clause in a freely negotiated international commercial transaction is unfair or unreasonable, the party who seeks to escape the consequences of the clause must show that ‘trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court.’ ” Cambridge Biotech, 433 Mass. at 130, quoting The Bremen, 407 U.S. at 18. The same is true where, as here, two commercial parties within the United States agree that all claims arising under or relating to their contract must be brought in a particular forum. See Boland, 81 Mass.App.Ct. at 820; Bohl, 180 Ohio App.3d at 535, 906 N.E.2d at 457.
CWM’s concern that it will be forced “to litigate in multiple forums” — bringing its claims against Con-tech in Ohio and its claims against the other parties in Massachusetts — "is not sufficient to invalidate" the parties’ forum selection clause. Superior Care Pharmacy Inc. v. Medicine Shoppe Intern., Inc., No. 2: 10-cv-207, 2011 WL 597065, *5 (S.D.Ohio 2011); accord, e.g., Fred Lurie Assocs., Inc. v. Global Alliance Logistics, Inc., 453 F.Sup.2d 1351, 1356-57 (S.D.Fla. 2006). CWM may not “escape enforcement of forum selection clauses simply by adding defendants” who did not sign the contract with the forum selection clause “and claims” arising under different contracts or other legal theories. Abrar Surgery Ltd. v. M.V. Jolly ORO, No. 97-cv-8865, 1999 WL 295003, *3 (S.D.N.Y. 2009), quoting Union Steel America Co. v. M/V Sanko Spruce, 14 F.Sup.2d 682, 696 (D.N.J. 1998); accord, e.g., Friedman v. World Transp., Inc., 636 F.Sup. 685, 691 (N.D.Ill. 1986); see also Jacobson, 419 Mass. at 579 (“A plaintiff should not be allowed to vitiate the effect of a forum selection clause simply by alleging peripheral claims that fall outside its apparent scope”).
In some cases courts have declined to enforce a forum selection clause where doing so would not result in dismissal of the entire case, and thus would force a plaintiff to litigate in multiple fora. See, e.g., Barletta Heavy Div., Inc. v. Erie Interstate Contractors, Inc., 677 F.Sup.2d 373, 379 (D.Mass. 2009) (Gorton, J.). The Court concludes, however, that those cases are inconsistent with Massachusetts and Ohio law. As noted above, a forum selection clause in a contract between two commercial entities like CWM and Contech must be enforced under both Massachusetts and Ohio law so long as doing so will not have the effect of making it impossible for the plaintiff to have its day in court. See Boland, 81 Mass.App.Ct. at 820; Kennecorp Mortgage Brokers, 66 Ohio St.3d at 176, 610 N.E.2d at 989. But “the necessity of duplicative litigation does not effectively deprive plaintiff of its day in court.” Ricoh Corp. v. M/V Ming Plenty, No. 01-civ-6268-HB, 2002 WL 109576, *2 (S.D.N.Y. 2002), quoting Tokio Marine & Fire Ins. Co., Ltd. v. Nippon Express U.S.A. (Illinois), Inc., 118 F.Sup.2d 997, 1000 (C.D.Cal. 2000), aff'd, 45 Fed.Appx. 710 (9th Cir. 2002). CWM has made no showing that it would be unfair or unreasonable for CWM to comply with its express contractual obligation to litigate its claims against Contech in Ohio, even if that means that its closely-related claims against S&R, NAS, and Camosse must be resolved in a separate, paralleLaction in Massachusetts. Since all discovery needed to litigate CWM’s claims will have to be undertaken in connection with this action in Massachusetts against S&R, Camosse, and NAS in any case, it is not obvious — and CWM has made no showing— that CWM will incur a substantial marginal cost to retain local counsel in Ohio and file and prosecute a parallel action against Contech there.
CWM’s arguments that it has no contacts with Ohio provide no basis for refusing to enforce CWM’s agreement to bring any suit against Contech in Ohio. An agreement to enforce a contract in a particular forum obviates any “otherwise . . . legitimate defenses to being haled into court in that forum, such as lack of personal jurisdiction.” Boland, 81 Mass.App.Ct. at 824-25; accord Kennecorp Mortgage Brokers, 66 Ohio St.3d at 174, 610 N.E.2d at 987 (“a forum selection clause contained in an arm’s-length commercial transaction between two business entities is valid and enforceable, irrespective of the number of contacts involved with the forum state”). A party may consent to a court’s exercise of personal jurisdiction over it, even if the court would lack the power to exercise such personal jurisdiction in the absence of such consent. Hodas v. Morin, 442 Mass. 544, 548 (2004); Original Pizza Pan, 194 Ohio App.3d at 53, 954 N.E.2d at 1223; see generally Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703 (1982) (“Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived”). CWM has consented to certain courts in Ohio exercising jurisdiction over CWM if a dispute were to arise out of its contract with Contech.
Finally, the fact that CWM accepted a forum selection clause that was part of Contech’s standard terms and conditions, instead of negotiating some other provision more to CWM’s liking, does not make CWM’s forum selection agreement unenforceable. See Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 593 (1991) (non-negotiable, boilerplate forum selection clause printed on back of passenger’s cruise-line ticket enforceable against passenger); Jacobson, 419 Mass. at 578 (inclusion in “standard form” contract “does not make the forum selection clause unenforceable”); Bohl 180 Ohio App.3d at 533; 906 N.E.2d at 455-56 *634 (fact that forum selection clause “is embodied in a boilerplate form” does not make it unenforceable).
ORDER
Contech’s motion to dismiss is ALLOWED. The claims against Contech are hereby dismissed without prejudice so that Plaintiff may reassert them in a proper forum in Ohio pursuant as Plaintiff agreed in its contract with Contech.