[Cite as *Salehpour v. Just A Buck Licensing, Inc.*, 2013-Ohio-4436.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


|  |  |  |
|---|---|---|
| AMIR SALEHPOUR, | : | |
| Plaintiff-Appellant, | : | CASE NO.  CA2013-03-028 |
| | : | O P I N I O N |
| - vs - | | 10/7/2013 |
| | : | |
| JUST A BUCK LICENSING, INC., | : | |
| Defendant-Appellee. | : | |


CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 12CV83157


Reminger Co., L.P.A., Neil Fairweather, Danielle Lorenz, 525 Vine Street, Suite 1700, Cincinnati, Ohio 45202, for plaintiff-appellant

Thomas & Thomas, Randy D. Trammell, 16 West Fourth Street, Newport, KY 41071, for defendant-appellee


**RINGLAND, J.**

{¶ 1} Plaintiff-appellant, Amir Salehpour, appeals the decision of the Warren County Court of Common Pleas granting a motion to dismiss his complaint for lack of personal jurisdiction.

{¶ 2} On September 26, 2002, Salehpour and defendant-appellee, Just a Buck Licensing, Inc. ("JAB"), entered into a franchise agreement for the operation of a franchised

store in West Chester, Ohio. That agreement contained a forum-selection clause that required that any action at law or equity instituted against either party must be brought in Orange County, New York.

{¶ 3} On October 18, 2010, JAB filed an action for breach of the franchise agreement in Orange County, New York, against Salehpour and AKA Dollar Store. On July 12, 2002, the Orange County Superior Court in New York entered a judgment against Salehpour and AKA Dollar Store in the amount of $196,401.03. On October 1, 2012, that judgment was domesticated against Salehpour and AKA Dollar Store in Warren County, Ohio.

{¶ 4} On November 9, 2012, Salehpour filed a complaint for declaratory judgment and money damages against JAB in Warren County, Ohio. JAB moved to dismiss based upon the forum-selection clause. On February 23, 2013, the trial court granted the motion to dismiss for lack of jurisdiction based upon the forum-selection clause of the franchise agreement.

{¶ 5} Salehpour now appeals that decision, raising two assignments of error for our review.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE COURT OF COMMON PLEAS ERRED WHEN IT ENFORCED THE FORUM-SELECTION CLAUSE AND DISMISSED MR. SALEHPOUR'S COMPLAINT.

{¶ 8} Within this assignment of error, Salehpour argues that "JAB induced [Salehpour] to consent to the forum-selection clause through fraud and overreaching," and that, "enforcement of the forum-selection clause would be unreasonable and unjust."

{¶ 9} We review the trial court's ruling granting a motion to dismiss for lack of personal jurisdiction pursuant to a de novo standard of review. *McIntyre v. Rice*, 8th Dist. Cuyahoga No. 81339, 2003-Ohio-3490.

{¶ 10} Parties to a contract may agree to submit to the jurisdiction of a particular court

through the use of a forum-selection clause. *Natl. City Commercial Capital Corp. v. All About Limousines Corp.*, 12th Dist. Butler No. CA2005-08-226, 2009-Ohio-1159, ¶ 7. The franchise agreement in the present case contains the following choice of law and forum-selection clause:

> 12.2 **Choice of Law and Selection of Venue.** Except as provided in paragraph 12.13 of this Agreement, this Agreement is governed by the laws of the State of New York. The parties further agree that any action at law or equity instituted against either party to this Agreement which is not subject to arbitration must be commenced only in the state court located in Orange County, New York or the United States District Court for the Southern District of New York. You acknowledge that this Agreement has been entered into in the State of New York, and that You are to receive valuable and continuing services emanating from JAB's headquarters in Goshen, New York, including but not limited to assistance, support and the development of the System. In recognition of such services and their origin, You hereby irrevocably consent to the personal jurisdiction of the state and federal courts of New York as set forth above.

**{¶ 11}** The Ohio Supreme Court has set forth a three-part test to determine the validity of a forum-selection clause: (1) Are both parties to the contract commercial entities? (2) Is there evidence of fraud or overreaching? (3) Would enforcement of the clause be unreasonable or unjust? *Kennecorp Mtg. Brokers, Inc. v. Country Club Convalescent Hosp., Inc.*, 66 Ohio St.3d 173, 1993-Ohio-203.

**{¶ 12}** Salehpour concedes that this is a commercial contract between two for-profit entities in satisfaction of the first prong of the *Kennecorp* test. However, he argues that JAB engaged in fraud and overreaching to induce him to enter into the franchise agreement. In addition, he argues that under the circumstances, enforcement of the forum-selection clause would be unjust.

### Fraud or Overreaching

**{¶ 13}** Specifically, Salehpour argues that JAB had superior knowledge of his future

ability to pursue litigation in New York. It is Salehpour's contention that JAB did not provide full financial disclosure. He alleges that JAB knew he would be operating the business at a loss, and would therefor lack the means to litigate any issues in New York.

{¶ 14} As the trial court noted, in order to invalidate a forum-selection clause, the alleged wrongdoing "must relate directly to the negotiation or acceptance of the forum selection clause itself, and not just to the contract generally." *Bohl v. Hauke*, 180 Ohio App.3d 526, 2009-Ohio-150, ¶ 9 (4th Dist.), quoting *Four Seasons Ents. v. Tommel Fin. Servs., Inc.*, 8th Dist. Cuyahoga No. 77248, 2000 WL 1679456, at *2 (Nov. 9, 2000). While Salehpour attempts to portray his argument as one specifically related to the forum-selection clause, it is clear that his argument pertains to the franchise agreement in general. Furthermore, while Salehpour alleges that JAB failed to provide full financial disclosure, he has put forward no evidence that JAB overstated the likely success of his business. Accordingly, we cannot find that there is evidence of fraud or overreaching specifically in the negotiation and acceptance of the forum-selection clause.

{¶ 15} We also note that Salehpour's reliance on *Preferred Capital, Inc. v. Power Engineering Group, Inc.*, 112 Ohio St.3d 429, 2007-Ohio-257, is misplaced. In the *Preferred Capital* case, the forum-selection clause was held to be unenforceable because no careful reading of the contract could allow the second party to anticipate the appropriate forum for litigating issues. *Id.* at ¶ 12. That is distinctly distinguishable from the present case, wherein Salehpour could clearly determine from a plain reading of the franchise agreement that all issues were to be litigated in New York.

**Unreasonable or Unjust**

{¶ 16} The third prong of the *Kennecorp* test requires a court to determine whether enforcement of the forum-selection clause would be unreasonable or unjust.

{¶ 17} Ohio courts have held that an otherwise valid forum-selection clause cannot be

enforced if it is "unreasonable or unjust." Under this third prong of the analysis, courts are to determine whether the chosen forum is so inconvenient as to, in effect, afford no remedy at all, thus "depriv[ing] litigants of their day in court." *Info. Leasing Corp v. Jaskot*, 151 Ohio App. 3d 546, 2003-Ohio-566, ¶ 18 (1st Dist.), citing *Kennecorp*, 66 Ohio St.3d 173, 176; see, also, *Info. Leasing Corp. v. Baxter*, 1st Dist. Hamilton No. C-020029, 2002-Ohio-3930, at ¶ 12.

{¶ 18} Salehpour argues that the forum-selection clause would deprive him of the opportunity to pursue his claims against JAB because he cannot afford to bring the litigation in New York. However, "[m]ere distance, mere expense, or mere hardship to an individual litigant is insufficient to invalidate a forum selection clause." *IntraSee, Inc. v. Ludwig*, 9th Dist. Lorain Nos. 10CA009916 and 11CA010024, 2012-Ohio-2684, ¶ 20, citing *Buckeye Check Cashing of Arizona, Inc. v. Lang*, S.D. Ohio No. 2:06-CV-792, 2007 WL 641824 at *7 (Feb. 23, 2007). Because Salehpour makes no argument beyond the mere expense of litigating the issue in New York, we cannot find that the forum-selection clause is unreasonable or unjust.

{¶ 19} In light of the foregoing, having found that Salehpour was not induced to consent to the forum-selection clause of the franchise agreement through fraud and overreaching, nor would the enforcement of the forum-selection clause be unreasonable and unjust, Salehpour's first assignment of error is overruled.

{¶ 20} Assignment of Error No. 2:

{¶ 21} THE COURT OF COMMON PLEAS ERRED WHEN IT FAILED TO ADDRESS WHETHER THE ARBITRATION CLAUSE WAS VALID AND ENFORCEABLE.

{¶ 22} The trial court's opinion stated that, "without jurisdiction over these claims, it is not appropriate for this court to address any arguments related to the enforceability of the arbitration clause or the effect, if any, of [JAB's] previous lawsuit in New York as a waiver of

the arbitration clause." Having found that the trial court lacked jurisdiction, we agree that it would have been inappropriate for that court to address any issues pertaining to the arbitration clause.

{¶ 23} Accordingly, Salehpour's second assignment of error is overruled.

{¶ 24} Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.